UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Plaintiff,

v.

PASTOR, PATTI JACKSON,
CHARLA JAMES-HUTCHISON,
CARUSO, KATHI MILLER, S JONES,
ANDY POWELL, A VANCLEAVE,

    Defendant.

CASE NO. 3:16-CV-05314-RJB-DWC

ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT

    Plaintiff Michael Denton, proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint ("Motion"). Dkt. 8.[1]

    Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or

---

[1] Plaintiff has also objected to this Court's order denying Plaintiff court-appointed counsel. *See* Dkt. 12. Plaintiff's objections are pending before Judge Robert J. Bryan, the District Judge assigned to this case.

ORDER GRANTING LEAVE TO FILE AMENDED
COMPLAINT - 1

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

The Motion is Plaintiff's first motion to amend and he has not previously amended his Complaint in this case. Plaintiff filed the Motion after the Complaint and Waiver of Service forms were sent to Defendants. *See* Dkt. 11. However, the Motion was filed prior to Defendants' filing of a responsive pleading or motion under Rule 12(b). *See* Dkt. 23, 24, 26. Therefore, Plaintiff has the right to amend his Complaint as a matter of course pursuant to Rule 15(a)(1)(B). *See Trudeau v. Direct Marking Concepts, Inc.*, 90 Fed.Appx 486 (9th Cir. 2003) (finding the plaintiff was allowed to amend his complaint as a matter of right when the motion to amend was filed before the defendant filed a responsive pleading). Accordingly, Plaintiff's Motion is granted.

Plaintiff has not attached a proposed amended complaint to his Motion. He has attached the supplemental claims he wishes to add to his Complaint. *See* Dkt. 8-1. To amend his Complaint, Plaintiff must file an amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Complaint by reference. The amended complaint will act as a complete substitute for the Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court reminds Plaintiff, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Within the amended complaint, Plaintiff must write a short, plain statement telling the Court: (1)

1 the constitutional right Plaintiff believes was violated; (2) the name of the person who violated
2 the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the
3 individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific
4 injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362,
5 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

6     If Plaintiff fails to file an amended complaint by July 13, 2016, the Court will proceed on
7 Plaintiff's Complaint.

8     The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
9 civil rights complaint.

10     Dated this 13th day of June, 2016.

David W. Christel
United States Magistrate Judge