UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Plaintiff,

v.

PASTOR, PATTI JACKSON,
CHARLA JAMES-HUTCHISON,
CARUSO, KATHI MILLER, S JONES,
ANDY POWELL, A VANCLEAVE,

    Defendants.

CASE NO. 3:16-CV-05314-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: July 15, 2016

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court is Plaintiff Michael Denton's "Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order" ("Motion"). Dkt. 12.[1,2] The Court concludes Plaintiff has been transferred to a different facility and therefore recommends Plaintiff's Motion be denied as moot.

---

[1] Plaintiff included the Motion in an appeal to the District Judge assigned to this case. Dkt. 12. The District Judge referred the Motion to the undersigned on June 14, 2016. Dkt. 17.

[2] Also pending in this lawsuit is a Motion for Extension of Time, which will be ready for the Court's consideration on July 8, 2016. *See* Dkt. 21.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff, an inmate housed at Washington Corrections Center ("WCC"), filed a Complaint alleging his constitutional right of access to the courts was violated by Defendants, employees of Pierce County Jail. *See* Dkt. 4. In his Motion, Plaintiff requests Defendants be enjoined from denying Plaintiff access to legal books, the law library, and the legal computers. Dkt. 12-1; *see* Dkt. 18-20. Plaintiff also requests Defendants be required to stop tampering with his legal mail. *Id.* Plaintiff is essentially requesting the Court order Defendants to not interfere with his access to the courts.

Plaintiff initiated this lawsuit against employees at Pierce County Jail. Dkt. 4. On June 23, 2016, Plaintiff filed a notice with the Court stating he had been transferred to WCC. Dkt. 21.

**DISCUSSION**

"[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."). An exception to the mootness doctrine exists if a plaintiff shows there is a "reasonable expectation" or "demonstrated probability" he will return to the prison from which he was transferred. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

In his Motion, Plaintiff alleges conduct at Pierce County Jail deprived him of his access to the courts and requests injunctive relief only as to conduct occurring at Pierce County Jail. *See* Dkt. 12-1, 18-20. On June 23, 2016, the Court received a notice from Plaintiff stating he had been transferred to WCC. Dkt. 21. As Plaintiff has been transferred, Defendants, all Pierce

County Jail employees, cannot continue to block Plaintiff's access to the courts. Plaintiff has not shown a demonstrated probability he will be returned to Pierce County Jail as he has been sentenced and placed into Washington State Department of Corrections custody. *See* Dkt. 21. Therefore, the Motion is moot.

If Plaintiff returns to Pierce County Jail, "he is free to file a new motion and/or amend his complaint to reflect his changed circumstances" at that time. *St. Hilaire v. Arizona Department of Corrections*, 934 F.2d 324, *1 (9th Cir. 1991).

## CONCLUSION

As Plaintiff's transfer to WCC moots his request for injunctive relief, this Court recommends Plaintiff's Motion (Dkt. 12-1) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 15, 2016, as noted in the caption.

Dated this 24th day of June, 2016.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3