UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                    Plaintiff,

        v.

PASTOR, PATTI JACKSON,
CHARLA JAMES-HUTCHISON,
CARUSO, KATHI MILLER, S JONES,
ANDY POWELL, R VANCLEAVE,
MARVIN SPENCER, B DAVIS,

                    Defendants.

CASE NO. 3:16-CV-05314-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: October 7, 2016

        The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Michael Denton, proceeding *pro se* and *in forma pauperis*, filed this civil rights Amended Complaint on July 21, 2016.[1] Dkt. 25. Presently pending before the Court is Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) ("Motion to Dismiss"). Dkt. 50.[2]

_____

[1] Plaintiff initiated this action on April 28, 2016. Dkt. 1. On May 26, 2016, Plaintiff filed a Motion for Leave to File an Amended Complaint, which was granted. Dkt. 8, 16. The Amended Complaint was filed on July 21, 2016, Dkt. 25, and is a complete substitute for the original Complaint. *See* Dkt. 16.
[2] The Motion to Dismiss was filed on behalf of all Defendants: Sheriff Paul Pastor, Chief Patti Jackson, Captain Marvin Spencer, Lieutenant Charla James Hutchinson, Lieutenant S. Jones, Lieutenant B. Davis, Sergeant Kathi Miller, Sergeant Caruso, Officer Andy Powell, and Officer R. Vancleave. The Court notes Defendants Spencer and Davis have not filed waivers of service. Because these two Defendants filed the Motion to Dismiss and did not challenge insufficiency of service, the Court will not direct personal service on Defendants Spencer or Davis, but requests Defendants Spencer and Davis or their counsel file waivers of service to perfect the record.

The Court concludes Plaintiff has sufficiently stated facts establishing due process and First Amendment claims. Plaintiff, however, has failed to state a claim for which relief can be granted as to the failure to protect claim. The Court also concludes Defendants' failure to exhaust argument must be pled in a summary judgment motion. Accordingly, the Court recommends the Motion to Dismiss be granted-in-part and denied-in-part.

## BACKGROUND

Plaintiff, a pre-trial detainee at the Pierce County Jail ("the Jail") when this case was initiated, alleges his rights were violated when: (1) Defendants Lieutenant Charla James Hutchinson and Sergeant Caruso denied Plaintiff due process when they revoked his good time credits; (2) Defendants Hutchinson, Caruso, Sheriff Paul Pastor, Captain Marvin Spencer, and Chief Patti Jackson failed to protect Plaintiff by failing to have video surveillance in the Jail; and (3) Defendants Pastor and Spencer created a policy which denied Plaintiff incoming mail. Dkt. 25.

Defendants filed the Motion to Dismiss on August 4, 2016. Dkt. 26.[3] On the same date, Defendants served Plaintiff with a copy of the Motion to Dismiss. Dkt. 29, 30. Plaintiff filed a Response and Defendants filed a Reply. Dkt. 34, 36.

## STANDARD OF REVIEW

A motion to dismiss can be granted only if Plaintiff's Amended Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

---

[3] Defendants submitted two declarations and several exhibits in support of the Motion to Dismiss. In ruling on a motion to dismiss, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court declines to consider the evidence submitted by Defendants and will consider only the Amended Complaint in ruling on the Motion to Dismiss.

1    To survive a motion to dismiss, a complaint must contain sufficient factual matter,
     accepted as true, to "state a claim to relief that is plausible on its face." A claim
2    has facial plausibility when the plaintiff pleads factual content that allows the
     court to draw the reasonable inference that the defendant is liable for the
3    misconduct alleged. The plausibility standard is not akin to a probability
     requirement, but it asks for more than a sheer possibility that a defendant has
4    acted unlawfully.

5    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

6           A complaint must contain a "short and plain statement of the claim showing that the

7    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the

8    statement need only give the defendant fair notice of what the . . . claim is and the grounds upon

9    which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

10   However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me

11   accusation." *Iqbal*, 556 U.S. at 678.

12          While the Court must accept all the allegations contained in a complaint as true, the Court

13   does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare

14   recitals of the elements of a cause of action, supported by mere conclusory statements, do not

15   suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984)

16   (vague and mere conclusory allegations unsupported by facts are not sufficient to state section

17   1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe

18   a complaint liberally, such construction "may not supply essential elements of the claim that

19   were not initially pled." *Pena*, 976 F.2d at 471.

20                                      **DISCUSSION**

21   **I.      Due Process Violation**

22          In his Amended Complaint, Plaintiff alleges Defendants Hutchinson and Caruso violated

23   his due process rights when they revoked his good time credits. Dkt. 25, p. 3. Defendants assert

24

REPORT AND RECOMMENDATION - 3

1 Plaintiff failed to state a claim for which relief can be granted as to this claim. Dkt. 26. The Court

2 disagrees.

3        Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall

4 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v.*

5 *McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*,

6 515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only

7 when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5

8 F.3d 1314, 1316 (9th Cir. 1993). The Due Process Clause does not itself grant prisoners a liberty

9 interest in good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, state

10 law can create a liberty interest. *See Sandin*, 515 U.S. at 483-84. "Under Washington law,

11 inmates have a protected liberty interest in the accrual of good time." *Abels v. ISRB*, 2007 WL

12 211317, *6 (W.D. Wash. Jan. 22, 2007); *In re Marler*, 108 Wash.App. 799, 811, 33 P.3d 743,

13 748 (2001) (*citing* Wash. Rev.Code § 9.95.070)); *In re Gronquist*, 138 Wash.2d. 388, 397

14 (1999).

15        When a prisoner has a protected liberty interest in good time credits, due process requires

16 the prisoner receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity,

17 when consistent with institutional safety and correctional goals, to call witnesses and present

18 documentary evidence in his defense; and (3) a written statement by the factfinder of the

19 evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts*

20 *Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985).

21        In the Amended Complaint, Plaintiff alleges he was served with a "loss of good time

22 recommendation" on June 13, 2016 and, on June 16, 2016, Defendants Hutchinson and Caruso

23 held a due process hearing. Dkt. 25, p. 3. Plaintiff alleges Defendants Hutchinson and Caruso

24

denied Plaintiff the following procedural safeguards when revoking his good time credits: (1) Plaintiff was not served with a written copy of the charged violations; (2) Plaintiff was not allowed to call witnesses; (3) Defendants Hutchinson and Caruso failed to videotape the hearing; (4) Plaintiff was not afforded fair and impartial decision makers; (5) Plaintiff was not provided with a written statement of reasons for why he was found guilty; and (6) Defendants Hutchinson and Caruso failed to provide Plaintiff with assistance in preparing for the hearing. *Id*.

Plaintiff states he was served with a loss of good time recommendation three days before the disciplinary hearing and he attached the notification to the Amended Complaint. *See id*. at pp. 3, 7. Therefore, Plaintiff has pled facts showing he received written notice of the charges against him. Plaintiff, however, alleges Defendants Hutchinson and Caruso failed to give Plaintiff an opportunity to call witnesses at the hearing and did not provide Plaintiff with a written statement explaining the reasons for the disciplinary action. Dkt. 25. As Plaintiff has pled facts showing Defendants Hutchinson and Caruso violated Plaintiff's due process rights when they allegedly failed to allow Plaintiff to call witnesses and present evidence at the hearing and failed to provide Plaintiff with a written explanation of the evidence relied on and reasons for the revocation of good time credits, he has stated a claim for which relief can be granted against Defendants Hutchinson and Caruso. Accordingly, the Court recommends the Motion to Dismiss be denied as to Plaintiff's due process claim.

## II.     Failure to Protect

In the Amended Complaint, Plaintiff alleges Defendants Hutchinson, Caruso, Pastor, Spencer, and Jackson failed to protect pre-trial detainees from sexual abuse because the Jail was not properly equipped with video surveillance in violation of the Prison Rape Elimination Act

1 ("PREA"). Dkt. 25, p. 5. Defendants argue Plaintiff failed to state a claim upon which relief can

2 be granted. Dkt. 26. The Court agrees Plaintiff has failed to state a claim.

3       Plaintiff was a pretrial detainee when he initiated this lawsuit. *See* Dkt. 1. As such,

4 conditions of confinement imposed on him are governed by the Fourteenth Amendment Due

5 Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Frost v. Agnos*, 152 F.3d 1124,

6 1128 (9th Cir. 1998). "Because pretrial detainees' rights under the Fourteenth Amendment are

7 comparable to prisoners' rights under the Eighth Amendment, however, we apply the same

8 standards." *Frost*, 152 F.3d at 1128; *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242

9 (9th Cir. 2010).

10      The Eighth Amendment requires prison officials to take reasonable measures to

11 guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In cases

12 alleging a constitutional violation based on a failure to prevent harm, the plaintiff must first meet

13 an objective component by showing "he is incarcerated under conditions posing a substantial risk

14 of serious harm." *Id.* at 834; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th

15 Cir. 2010). A plaintiff must also meet a subjective component by showing the prison official

16 acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Helling v.*

17 *McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that a prisoner's confinement violate[s] the

18 Eighth Amendment requires an inquiry into the prison officials' state of mind."). "[A] prison

19 official cannot be found liable under the Eighth Amendment . . . unless the official knows of and

20 disregards an excessive risk to inmate health or safety; the official must both be aware of facts

21 from which the inference could be drawn that a substantial risk of serious harm exists, and he

22 must also draw the inference." *Farmer*, 511 U.S. at 832; *see Wallis v. Baldwin*, 70 F.3d 1074,

23 1077 (9th Cir. 1995). A prison "official's failure to alleviate a significant risk he should have

24

1  perceived but did not," therefore, cannot "be condemned as the infliction of punishment."

2  *Farmer*, 511 U.S. at 838.

3    Plaintiff alleges female pre-trial detainees face a risk of sexual abuse because there are no

4  video cameras in the Jail units. Dkt. 25, p. 5. He does not allege he has been sexually abused or

5  been harmed as a result of the lack of video cameras in the Jail. *Id*. Plaintiff also does not allege

6  facts showing Defendants Hutchinson, Caruso, Pastor, Spencer, or Jackson had any knowledge

7  of a risk of serious harm and failed to take action to eliminate the harm. *See id*. Therefore, the

8  Court finds Plaintiff has failed to state a claim against Defendants Hutchinson, Caruso, Pastor,

9  Spencer, and Jackson for failing to install video cameras to protect pre-trial detainees.

10 Accordingly, the Court recommends the Motion to Dismiss be granted as to the failure to protect

11 claim.

12   **III. First Amendment Violation**

13   In the Amended Complaint, Plaintiff alleges his First Amendment rights were violated

14 when Defendants Pastor and Spencer created a policy which prohibited Plaintiff from receiving

15 his incoming mail. Dkt. 25, p. 6. Defendants argue only that "Plaintiff's first amendment claim

16 fails as pled because [he] has not alleged that defendants confiscated his correspondence without

17 a legitimate penological purpose." Dkt. 26, p. 6. The Court disagrees.

18   "[A] prison inmate[ ] enjoys a First Amendment right to send and receive mail."

19 *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). "Publishers have a First Amendment right to

20 communicate with prisoners by mail, and inmates have a First Amendment right to receive this

21 mail." *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005). This right is subject to

22 "substantial limitations and restrictions in order to allow prison officials to achieve legitimate

23 correctional goals and maintain institutional security." *Walker v. Sumner,* 917 F.2d 382, 385 (9th

24

1    Cir.1990) (citations omitted). Prison officials may "adopt regulations which impinge on an

2    inmate's constitutional rights if those regulations are 'reasonably related to legitimate

3    penological interests.'" *Id.* (*quoting Turner v. Safley*, 482 U.S. 78, 89 (1987)).

4           Plaintiff alleges Defendants Pastor and Spencer created a policy which prohibited

5    Plaintiff from receiving his incoming publications. Dkt. 25, p. 6. As a result of the ban on

6    incoming mail, Plaintiff states prison officials did not deliver more than 20 issues of Plaintiff's

7    USA Today newspaper and 43 issues of Plaintiff's Hip Hop Weekly magazine. *Id.*[4] There is no

8    alleged reason for the policy. *See id*.

9           Based on the allegations in the Amended Complaint, the Court finds Plaintiff has

10   sufficiently stated a First Amendment claim against Defendants Pastor and Spencer for creating a

11   policy which denies Plaintiff receipt of his incoming publications. *See Barrett v. Belleque*, 544

12   F.3d 1060, 1062 (9th Cir. 2008) (finding the plaintiff stated a claim where he pled facts alleging

13   the prison censored his outgoing mail and stating a determination of the government's interests

14   go to the merits of the claim, not whether the plaintiff has stated a claim); *Crawford v. Beard*,

15   2016 WL 2865891, *3-4 (N.D. Cal. May 17, 2016) (finding the plaintiff stated a First

16   Amendment claim where defendants withheld an incoming newspaper on one occasion); *Wright*

17   *v. Smith*, 2013 WL 3787528, *14 (E.D. Cal. July 18, 2013) (finding the plaintiff's allegations

18   that two defendants created rules not to allow the plaintiff to receive publications while in

19   administrative segregation with no apparent penological interest was sufficient to state a claim).

20

21

_____

22
      [4] Plaintiff also states Defendant Caruso told Plaintiff inmates in his housing unit are not allowed to have
23   books, magazines, or newspapers sent to them and the Jail does not give out rejection slips. Dkt. 25, p. 6. Plaintiff
      does not allege Defendant Caruso failed to deliver Plaintiff's USA Today and Hip Hop Weekly or had any control
24   over the policy. *See id*. Therefore, the Court finds Plaintiff is not alleging a First Amendment violation against
      Defendant Caruso.

1  Accordingly, the Court recommends the Motion to Dismiss be denied as to Plaintiff's First

2  Amendment claim.

3  **IV.    Failure to Exhaust**

4       Defendants argue in a conclusory manner Plaintiff failed to exhaust the administrative

5  remedies available to him as to his failure to protect and First Amendment claims. Dkt. 26, pp. 5-

6  6. Plaintiff states Defendants have not provided evidence to show he failed to exhaust and, thus,

7  the Motion to Dismiss should be denied. Dkt 34-1, p. 4. When alleging a plaintiff failed to

8  exhaust administrative remedies, a defendant may move for dismissal under Federal Rule of

9  Civil Procedure 12 only in the extremely rare event the plaintiff's failure to exhaust

10 administrative remedies is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162,

11 1166 (9th Cir. 2014). "Otherwise, defendants must produce evidence proving failure to exhaust"

12 in a summary judgment motion brought under Rule 56. *Id.*

13      In his Amended Complaint, Plaintiff states there is a grievance process available at the

14 Jail, he filed grievances related to his claims, and the grievance process is complete. Dkt. 25, p.

15 2. As it is not clear on the face of the Amended Complaint Plaintiff failed to exhaust his

16 administrative remedies, Defendants must produce evidence in a motion for summary judgment

17 to prove Plaintiff has failed to exhaust his administrative remedies. *See Albino*, 747 F.3d at

18 1166.[5] Accordingly, the Court recommends the Motion to Dismiss be denied as to Defendants'

19 assertion Plaintiff has failed to exhaust his failure to protect and First Amendment claims.

20

21

22

---

23      [5] While Defendants submitted evidence of Plaintiff's failure to exhaust with the Motion to Dismiss, the
   Court declines to consider the evidence and declines to convert the Motion to Dismiss into a summary judgment

24 motion.  *See, supra*, n. 3.

**V.      Remaining Defendants**

Plaintiff identified Lieutenant S. Jones, Lieutenant B. Davis, Sergeant Kathi Miller, Officer Andy Powell, and Officer R. Vancleave as Defendants in his Amended Complaint. Dkt. 25, p. 3. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

The Amended Complaint contains no factual allegations regarding any alleged wrongdoing by Defendants Jones, Davis, Miller, Powell, or Vancleave. As Plaintiff has not alleged any claims against these five Defendants, the Court finds Defendants Jones, Davis, Miller, Powell, and Vancleave should be dismissed from this action.

**VI.      Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendants failed to protect

him. Plaintiff failed to allege he was harmed or faces a risk of serious harm and did not allege Defendants were aware of any harm. *See* Dkt. 25. He was also allowed to amend his original Complaint and filed an Amended Complaint. *See* Dkt. 16, 25. After review of the Amended Complaint, the Court finds further leave to amend will not cure the deficiencies of the failure to protect claim.

## CONCLUSION

For the foregoing reason, the Court finds: (1) Plaintiff has sufficiently stated a due process violation against Defendants Hutchinson and Caruso and a First Amendment violation against Defendants Pastor and Spencer; (2) Plaintiff failed to a state claim for which relief can be granted as to his failure to protect claim against Defendants Hutchinson, Caruso, Pastor, Spencer, and Jackson; (3) Defendants must bring the failure to exhaust argument in a summary judgment motion; (4) Plaintiff has failed to state a claim against Defendants Jones, Davis, Miller, Powell, and Vancleave; and (5) the deficiencies of Plaintiff's failure to protect claim cannot be cured by an amendment.

Therefore, the Court recommends the Motion to Dismiss be granted-in-part and denied-in-part as follows:

1. Plaintiff's due process claim alleged against Defendants Hutchinson and Caruso proceed in this case;

2. Plaintiff's First Amendment claim alleged against Defendants Pastor and Spencer proceed in this case;

3. Plaintiff's failure to protect claim be dismissed from this action; and

4. Defendants Jackson, Jones, Davis, Miller, Powell, and Vancleave be dismissed from this action.

1        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

2   Procedure, the parties shall have fourteen (14) days from service of this Report to file written

3   objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

4   objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

5   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October

6   7, 2016, as noted in the caption.

7        Dated this 21st day of September, 2016.

8

9   _____

10  David W. Christel
    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24