UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENTON, <br><br> Plaintiff, <br><br> v. <br><br> PASTOR, PATTI JACKSON, CHARLA JAMES-HUTCHISON, CARUSO, KATHI MILLER, S JONES, ANDY POWELL, R VANCLEAVE, MARVIN SPENCER, B DAVIS, <br><br> Defendant. | CASE NO. 3:16-CV-05314-RJB-DWC <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Michael Denton's Motion for Appointment of Counsel ("Motion").[1] Dkt. 45. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of

---

[1] Plaintiff filed his first Motion for Appointment of Counsel on May 2, 2015. Dkt. 5. The Court denied Plaintiff's first request for counsel on May 25, 2016. Dkt. 7. Plaintiff appealed the Court's decision and the decision was affirmed by United States District Judge Robert J. Bryan. Dkt. 17.

counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states appointment of counsel is necessary because his incarceration greatly limits his ability to litigate this case. Dkt. 45. He states the issues in his case are complex and will require significant legal research and investigation. *Id*. Plaintiff contends he has limited legal knowledge, limited access to the law library, and does not have access to proper books. *Id*. He also maintains counsel will better enable him to present his case at trial. *Id*.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. *See* Dkt. 25, 44. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court or shown he is likely to succeed on the merits of his case. The Court notes Plaintiff has adequately articulated his claims in the Amended Complaint and successfully defended Defendants' Motion to Dismiss. *See* Dkt. 25, 40, 44. Further, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather,

1  they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL

2  1110432, *1 (W.D. Wash. Apr. 24, 2009). Accordingly, Plaintiff's Motion is denied without

3  prejudice.

4  Dated this 7th day of November, 2016.

*[signature]*

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 3