UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

Plaintiff,

v.

PASTOR, JAMES-HUTCHISON, CARUSO, MARVIN SPENCER,

Defendants.

CASE NO. 3:16-CV-05314-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: February 10, 2017

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Michael Denton filed a Motion entitled "Order to Show Cause for an Preliminary Injunction and a Emergency Temporary Restraining Order (sic)" ("Motion") on January 5, 2017. Dkt. 52.[1] The Court concludes Plaintiff is seeking injunctive relief on matters outside the claims raised in the underlying action. Accordingly, the Court recommends the Motion be denied.

---

[1] Also pending before the Court is Defendants' Motion to Withdraw and Amend Admissions Pursuant to FRCP 36(b), which will be ready for the Court's consideration on February 3, 2017. Dkt. 58.

**BACKGROUND**

Plaintiff, a pre-trial detainee at the Pierce County Jail ("the Jail") when this case was initiated, alleges his rights were violated when: (1) Defendants Lieutenant Charla James Hutchinson and Sergeant Caruso denied Plaintiff due process when they revoked his good time credits; and (2) Defendants Pastor and Spencer created a policy which denied Plaintiff incoming mail. Dkt. 25.[2]

In the Motion, Plaintiff alleges Defendants are retaliating against him for filing this lawsuit. Dkt. 52. He requests the Court order Defendants to stop: (1) denying him access to his "legal box;" (2) denying him the ability to send and receive mail; (3) denying him access to legal materials; (4) harassing, assaulting, and retaliating against him; and (5) housing him in a strip cell in administrative segregation. *Id*.

Plaintiff filed the Motion on January 5, 2017. Dkt. 52. On January 10, 2017, Defendants filed a Response to the Motion. Dkt. 54. Plaintiff has not filed a reply.

**DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix*

---

[2] Defendants moved to dismiss the case on August 4, 2016. Dkt. 26. The Motion to Dismiss was granted-in-part and denied-in-part. Dkt. 44. The only remaining claims are the due process claim alleged against Defendants Hutchinson and Caruso and the First Amendment claim alleged against Defendants Pastor and Spencer. *See id*.

*Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*.

The two claims pending in the Amended Complaint are: (1) Defendants Hutchinson and Caruso violated Plaintiff's due process rights when they revoked his good time credits; and (2) Plaintiff's First Amendment rights were violated when Defendants Pastor and Spencer created a policy which prohibited Plaintiff from receiving his incoming publications. *See* Dkt. 25, pp. 3, 6; 44. Plaintiff alleges his rights were violated between September 2015 and June 2016. Dkt. 25.

In the Motion, Plaintiff alleges Defendants are retaliating against him by housing him in administrative segregation and denying him access to his mail and legal materials. Dkt. 52. He contends he was transferred back to the Jail from Monroe Correctional Center on December 28,

2016. *Id*. Upon returning to the Jail, Defendants began harassing Plaintiff and retaliating against him for filing the underlying lawsuit. *Id*.

The allegations contained in the Motion arise out of a completely different set of facts than those alleged in the Amended Complaint. In the Amended Complaint, Plaintiff contends Defendants violated his rights when they revoked his good time credits and created a policy which denied him access to his incoming publications. *See* Dkt. 25. In the Motion, Plaintiff alleges Defendants are retaliating against Plaintiff six months after the alleged constitutional violations ended because he filed this lawsuit. *See* Dkt. 52. The conduct alleged in the Motion occurred eight months after Plaintiff initiated this lawsuit and five months after the Amended Complaint was filed. *See* Dkt. 1, 25. Plaintiff was also transferred out of the Jail and housed in Monroe Correctional Center between the conduct alleged in the Amended Complaint and the conduct alleged in the Motion. For these reasons, the Court finds the allegations and preliminary injunctive relief requested in the Motion are wholly unrelated to the claims alleged in the Amended Complaint. Therefore, the Court cannot issue the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

**CONCLUSION**

Plaintiff's Motion is not based upon the claims pled in the Amended Complaint. Accordingly, the Court recommends the Motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 10, 2017, as noted in the caption.

Dated this 25th day of January, 2017.

David W. Christel
United States Magistrate Judge