UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

Plaintiff,

v.

SHERIFF PASTOR, LT. CHARLA JAMES-HUTCHISON, SGT. CARUSO, CAPTAIN MARVIN SPENCER,

Defendants.

CASE NO. 16-5314 RJB-DWC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Magistrate Judge David W. Christel. Dkt. 61. The Court has reviewed the Report and Recommendation, objections, other pleadings filed related to the Report and Recommendation, and the remaining file.

On April 28, 2016, Plaintiff, acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983. Dkt. 1. In his Amended Complaint, Plaintiff alleges that while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants Lieutenant Charla James Hutchinson and Sergeant Caruso violated his due process rights when they revoked his good time credits and Defendants

Sheriff Pastor and Captain Spencer violated his first amendment rights when they created a policy which denied Plaintiff (and all prisoners in administrative segregation) receipt of incoming publications, including subscription magazines and books. Dkt. 25.

Now pending is the Report and Recommendation, which recommends the Court deny Plaintiff's January 5, 2017 motion for a temporary restraining order. Dkt. 61. Plaintiff's motion for a temporary restraining order seeks an order stopping the Defendants from: (1) denying him access to his "legal box," (2) denying him the ability to send and receive mail, (3) denying him access to legal materials, (4) harassing, assaulting, and retaliating against him, and (5) housing him in a strip cell in administrative segregation. Dkt. 52.

The Report and Recommendation points out that the relief Plaintiff seeks in his January 5, 2017 motion for a temporary restraining order (Dkt. 52) is unrelated to the claims Plaintiff makes in his Amended Complaint. Dkt. 61.

On January 30, 2017, Plaintiff filed another motion for temporary restraining order making similar allegations against Defendants and requesting the same or similar relief. Dkt. 65. Plaintiff's pleadings are hand written, with the lines very close together, and are very difficult to read. On February 9, 2017, Plaintiff filed an additional pleading, entitled "Motion to Object to Order Denying Plaintiff [sic] Motion for Order to Show Cause for an [sic] Preliminary Injunction and A [sic] Emergency Temporary Restraining Order." Dkt. 72. In this pleading, Plaintiff states that he has not received legal mail since November 28, 2016. *Id.* Plaintiff then goes on to object to specific portions of the January 25, 2017 Report and Recommendation, arguing that the relief he seeks in his motions for temporary restraining orders is related to claims in his Amended Complaint. *Id.* Plaintiff also requests that the Court order that he be transferred, arguing that he

should not be housed in a facility where he has a pending lawsuit against the jail and jail staff. *Id.*

Defendants respond, argue that the relief Plaintiff seeks is not related to the claims remaining in his Amended Complaint. Dkt. 74. If the Court finds that some of the relief he seeks is related to the remaining claims, the Defendants also request an opportunity to more fully brief whether a TRO is appropriate. *Id.*

**DISCUSSION**

The Report and Recommendation (Dkt. 61) should be adopted, in part, and the case (and all pending motions) re-referred to the Magistrate Judge for further proceedings.

The portion of the Report and Recommendation that recommends denial of Plaintiff's motion for a temporary restraining order for an order stopping the Defendants from denying Plaintiff the ability to send and receive any mail, harassing, assaulting, and retaliating against him, and housing him in a strip cell in administrative segregation should be adopted. These claims are unrelated to the claims remaining in the Amended Complaint, and so the motion regarding them should be denied. "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

To the extent the Report and Recommendation (Dkt. 61) recommends denial of the Plaintiff's motion for a temporary restraining order stopping the Defendants from denying Plaintiff access to his "legal box" or denying him access to legal materials, because these were not claims asserted in his Amended Complaint, the Court should decline to adopt the Report and Recommendation, and the matter should be re-referred to the Magistrate Judge and the parties

should brief the question on the merits. In his original complaint, Plaintiff raised claims regarding access to his legal materials and law books while in the Pierce County Jail and requested injunctive relief only as to those claims. Dkt. 4. After it became apparent that Plaintiff had been transferred to a different facility (Dkt. 21) and in response to a motion by Plaintiff, a Report and Recommendation was issued, recommending that Plaintiff's injunctive relief claims regarding access to legal materials and law books asserted against the Pierce County Jail staff were dismissed as moot (Dkt. 22). The Report and Recommendation informed Plaintiff that: "[i]f Plaintiff returns to Pierce County Jail, 'he is free to file a new motion and/or amend his complaint to reflect his changed circumstances' at that time." Dkt. 22, at 3 (*citing St. Hilaire v. Arizona Department of Corrections*, 934 F.2d 324, *1 (9th Cir. 1991)). On July 21, 2016, Plaintiff filed an Amended Complaint, and even though at the time he was housed elsewhere, he again requested injunctive relief for an order for the "jail and all the Defendants . . . to immediately stop denying pretrial detainees access to law books and law computer while in administrative segregation." Dkt. 25. On September 16, 2016, the Report and Recommendation was adopted, and Plaintiff's claims related to access to legal materials and law books at the Pierce County jail were dismissed as moot. Dkt. 39.

Plaintiff has returned to the Pierce County jail. Dkt. 62. In accord with the June 24, 2016 Report and Recommendation, the Court will construe Plaintiff's motion for a temporary restraining order (Dkt. 52) on the issue of access to his legal materials and law books (and/or a law computer) while in administrative segregation as a new motion to reassert those claims. In order to fully and fairly hear all parties on this issue, both parties should have an opportunity to brief, on the merits, whether a temporary restraining order should issue on the question of access to legal materials and law books (and/or a law computer). The case, including all pending motions, should be re-referred to the Magistrate Judge for further proceedings consistent with this opinion.

**ORDER**

(1) The Report and Recommendation (Dkt. 61) **IS**:

- **ADOPTED, IN PART**, the portion of Plaintiff's motion for a temporary restraining order (Dkt. 52) for an order stopping the Defendants from denying Plaintiff the ability to send and receive any mail, harassing, assaulting, and retaliating against him, and housing him in a strip cell in administrative segregation **IS DENIED**;

- **NOT ADOPTED, IN PART**; the portion of Plaintiff's motion for a temporary restraining order (Dkt. 52) relating to access to Plaintiff's legal materials and law books (and/or a law computer) while in administrative segregation **IS RE-REFERRED** to Magistrate Judge David W. Christel for further proceedings; and

(2) This case, including all other pending motions, **IS RE-REFERRED** to Magistrate Judge David W. Christel for further proceedings consistent with this opinion.

(3) The Clerk is directed to send uncertified copies of this Order to Magistrate Judge David W. Christel, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of February, 2017.

ROBERT J. BRYAN
United States District Judge