UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Plaintiff,

 v.

PASTOR, et al.,

    Defendants.

CASE NO. 3:16-CV-05314-RJB-DWC

ORDER

   The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Michael Denton to United States Magistrate Judge David W. Christel. Plaintiff has filed two Motions to Request Funds for Legal Materials, Legal Books, and for Investigator to Interview Witnesses ("Motions for Funds"), a Motion for Leave to File an Amended Complaint ("Motion to Amend"), and a Motion for an Order Compelling Discovery ("Motion to Compel"). Dkt. 80, 85, 86, 89. After review of the relevant record, the Court denies the Motions for Funds (Dkt. 80, 85), grants the Motion to Amend (Dkt. 86), and denies the Motion to Compel (Dkt. 89). Plaintiff must file his second amended complaint on or before May 12, 2017. The Clerk is directed to re-note the pending Motions for Temporary Restraining Order (Dkt. 52, 56, 72) to May 12, 2017.

**I.     Motions for Funds (Dkt. 80, 85)**

Plaintiff filed two Motions for Funds requesting the Court provide him with monetary funds to pay for legal materials, legal books, and an investigator to interview witnesses. Dkt. 80, 85. Plaintiff contends Defendants are denying him access to necessary legal materials and, therefore, he is unable to litigate this case. Dkt. 80, 85. "The Supreme Court has declared that the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress." *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (internal quotations omitted). "The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation." *Hollis v. Sloan*, 2012 WL 5304756, at *5 (E.D. Cal. Oct. 25, 2012). "Also, the in forma pauperis statute does not authorize the expenditure of public funds for the appointment of an investigator." *Williams v. Schwarzenegger*, 2009 WL 900049, at *8 (E.D. Cal. Mar. 31, 2009). As Plaintiff must bear his own costs of litigation, his Motions for Funds (Dkt. 80, 85) are denied.

**II.    Motion to Amend (Dkt. 86)**

Plaintiff filed the Motion to Amend on March 20, 2017. Dkt. 86. Plaintiff seeks leave to amend his Amended Complaint because he found mistakes in the Amended Complaint after further investigation and the Amended Complaint contains errors in the Prayer for Relief. *Id*. Defendants did not file a response to Plaintiff's Motion to Amend. *See generally* Dkt.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) ***Amending as a Matter of Course***
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As Plaintiff filed an Amended Complaint and the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). *See* Dkt. 25, 26. To amend the Amended Complaint, Plaintiff must have Defendants' written consent or the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

While Defendants have not provided Plaintiff with written consent, they have not filed any opposition to the Motion to Amend. Plaintiff seeks to correct errors in his Prayer for Relief and in other portions of his Amended Complaint. *See* Dkt. 86. As Plaintiff is seeking to correct deficiencies in his Amended Complaint, the Court finds justice requires Plaintiff be given leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Therefore, Plaintiff's Motion to Amend (Dkt. 86) is granted.

Plaintiff must file the second amended complaint on or before May 12, 2017. The second amended complaint must be a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete

replacement for any previously filed complaint, and not as a supplement. Because the second amended complaint will replace any previously filed complaint, Plaintiff must re-allege all claims against the remaining Defendants (Defendants Sheriff Pastor, Lt. Charla James-Hutchinson, and Sgt. Caruso) in the second amended complaint. Plaintiff may not re-allege claims against the following individuals who were previously dismissed from this case: Chief Patti Jackson, Sgt. Kathi Miller, Lt. S. Jones, Officer Andy Powell, Officer R. Vancleave, and Lt. B. Davis. *See* Dkt. 41, 44.

If Plaintiff fails to file an amended complaint on or before May 12, 2017, the Court will procced with the Amended Complaint. As the second amended complaint will act as a complete replacement for the Amended Complaint, Plaintiff's requests for injunctive relief may be mooted. *See e.g. Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (the purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the *underlying claim*); *Maloney v. Ryan*, 2013 WL 3282324, *2 (D. Ariz. June 28, 2013) ("because plaintiff's original complaint no longer serves any function in this case, it cannot form the basis for his pending TRO motion seeking relief solely related" to the original complaint) (internal quotations omitted). Therefore, the Clerk is directed to re-note the Motions for Temporary Restraining Order (Dkt. 52, 65, 72) for May 12, 2017.

**III.    Motion to Compel (Dkt. 89)**

In the Motion to Compel, Plaintiff states he propounded requests for production on Defendants on January 25, 2017. Dkt. 89. He contends Defendants have failed to respond to his discovery requests. *Id*.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Here, Plaintiff is moving for a Court order compelling Defendants to produce documents. Dkt. 89. Plaintiff, however, failed to certify he conferred or attempted to confer with Defendants' counsel regarding the requested discovery. Furthermore, Defendants filed a Response to the Motion to Compel stating they provided the requested documents. *See* Dkt. 91. The documents were personally delivered to the Pierce County Jail, where Plaintiff is housed. *See* Dkt. 92, Brittain Dec., ¶ 4. As Plaintiff has not complied with Rule 37 and as evidence shows Defendants responded to the discovery requests, the Motion to Compel (Dkt. 89) is denied.

## CONCLUSION

For the above stated reasons, the Motions for Funds (Dkt. 80, 85) are denied and the Motion to Compel (Dkt. 89) is denied. The Motion to Amend (Dkt. 86) is granted. Plaintiff must file his second amended complaint on or before May 12, 2017. The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and a copy of this Order. The Clerk is also directed to re-note the Motions for Temporary Restraining Order (Dkt. 52, 65, 72) for May 12, 2017.

Dated this 11th day of April, 2017.

David W. Christel
United States Magistrate Judge