UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENTON,<br><br>        Plaintiff,<br> v.<br><br>PASTOR, JAMES-HUTCHISON, CARUSO, MARVIN SPENCER,<br><br>        Defendants. | CASE NO. 16-5314 RJB-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge David W. Christel. Dkt. 102. The Court has considered the Report and Recommendation, objections, and the remaining record.

  Plaintiff, a pro se prisoner, filed this civil rights case on April 28, 2016. Dkt. 1. Plaintiff raises two claims in his Second Amended Complaint: (1) Defendants Lieutenant Charla James Hutchinson and Sergeant Caruso denied Plaintiff due process when they revoked his good time credits, and (2) Defendants Pastor and Spencer created a policy which denied Plaintiff incoming mail. Dkt. 99.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

**PROCEDURAL HISTORY AND FACTS**

On May 15, 2017, a Report and Recommendation was filed, recommending that the Court deny Plaintiff's two motions for injunctive relief (Dkts. 52 and 65) because both motions seek relief on matters outside the claims raised in the Second Amended Complaint and because Plaintiff has failed to make the required showing. Dkt. 102. Plaintiff's motions for injunctive relief move the Court for an order requiring Defendants at the Pierce County Washington Jail to stop: (1) denying him access to legal materials, (2) denying him the ability to send and receive mail, (3) harassing, assaulting, and retaliating against him, and (4) housing him in a strip cell in administrative segregation. Dkts. 52 and 65.

On May 24, 2017, Plaintiff filed a pleading entitled "Emergency Motion for an Evidentiary Hearing," in which he stated that he was transferred to Western State, an inpatient psychiatric hospital, for a competency evaluation. Dkt. 104. In that motion, Plaintiff alleged that all his legal documents were taken from him when he was transferred. *Id.* Plaintiff sought an evidentiary hearing, a return of his legal documents, and a finding that Defendants violated his constitutional rights. *Id.* Plaintiff filed a similar motion the next day (Dkt. 106), a third and fourth on May 26, 2017 (Dkts. 108 and 109). On May 26, 2016, Plaintiff filed a Motion to Extend Any and All Deadlines, Response Dates, to Respond to Any and All Deadlines. Dkt. 107.

On June 1, 2017, Defendants filed a Motion to Consolidate Pursuant to Civ. R. 42 (Dkt. 111) and noted the motion for June 23, 3017. In this motion, Defendants assert that Plaintiff filed two separate related actions asserting civil rights claims regarding his confinement in the Pierce County, Washington Jail. *Id.* Defendants move to have the cases consolidated. *Id.*

1   On June 14, 2017, Plaintiff notified the Court that he has been moved from Western State
2   and the Pierce County, Washington Jail to a state facility - Monroe Correctional Complex. Dkt.
3   119. Plaintiff states that he has not received any of his legal documents. *Id.*

4   On June 15, 2017, Plaintiff filed objections to the Report and Recommendation. Dkt.
5   120. He asserts that his motions for temporary restraining orders (Dkts. 52 and 65) should be
6   granted, repeating his prior assertions. *Id.* Plaintiff asserts that the Report and Recommendation
7   should not be adopted because, although it states he requests relief outside the Second Amended
8   Complaint, the Report and Recommendation fails to mention that the relief he seeks in his
9   motions for injunctive relief is requested, in part, in the Second Amended Complaint. *Id.*
10  Plaintiff asserts that the Report and Recommendation's finding that Plaintiff has access to
11  written legal materials is false. *Id.* Although Plaintiff is no longer housed at the Pierce County
12  Jail, he continues to assert that the jail "is violating his right to send and receive mail," the jail is
13  denying him access to legal materials, and the jail is violating his rights "due to the jail do [sic]
14  not have [sic] a disciplinary hearings board Plaintiff is being held in solitary confinement." *Id.*

15  On June 19, 2017, Plaintiff's motion for an extension of all deadlines was granted. Dkt.
16  122. The Report and Recommendation (Dkt. 102) was renoted for consideration on July 14,
17  2014. *Id.* Plaintiff was given an opportunity to file supplemental objections by July 7, 2017 and
18  Defendants were given until July 14, 2017 to file a supplemental response to Plaintiff's
19  objections. *Id.* Plaintiff's other motions (Dkts. 104, 106, 108, 109, and 121) and Defendants'
20  Motion to Consolidate Pursuant to Civ. R. 42 (Dkt. 111) were renoted for August 4, 2017. *Id.*
21  On July 12, 2017, Defendants filed a supplemental response. Dkt. 125.

## **DISCUSSION**

1   The Report and Recommendation (Dkt. 102) should be adopted and Plaintiff's motions
2   for temporary restraining orders (Dkts. 52 and 65) should be denied. Plaintiff's motions are now
3   largely moot because he is now housed at the state facility at Monroe and is no longer at the
4   Pierce County Jail. Further, as stated in the Report and Recommendation, Plaintiff failed to
5   make a showing that he (1) is "likely to succeed on the merits," (2) he is likely to suffer
6   irreparable harm in the absence of relief requested, (3) the "balance of equities tips in his favor,"
7   and (4) "an injunction is in the public interest," under *Winter v. Natural Res. Def. Council, Inc.,*
8   555 U.S. 7, 20 (2008). Dkt. 102. Further, as stated in the Report and Recommendation, Plaintiff
9   also failed to make the showing required under *Lopez v. Brewer,* 680 F.3d 1068, 1070 (9th Cir.
10  2012), that there are "serious questions going to the merits," a "likelihood of irreparable injury to
11  the plaintiff, the balance of hardships tips sharply in favor of the plaintiff, and an injunctions is in
12  the public interest." *Id.* Plaintiff's objections do not provide a basis to reject the Report and
13  Recommendation. This case should be re-referred to U.S. Magistrate Judge Christel for further
14  proceedings.

## **ORDER**

- The Report and Recommendation (Dkt. 102) **IS ADOPTED**;
- Plaintiff's motions for temporary restraining orders (Dkts. 52 and 65) **ARE DENIED**; and
- This case **IS RE-REFERRED** to U.S. Magistrate Judge Christel for further proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of July, 2017.

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

1
2                          *Robert J Bryan* (signature)
3                          ROBERT J. BRYAN
                           United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER ADOPTING REPORT AND RECOMMENDATION - 5