UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Plaintiff,

v.

PASTOR, et al.,

    Defendants.

CASE NO. 3:16-CV-05314-RJB-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. §1983, to United States Magistrate Judge David W. Christel. Plaintiff Michael Denton has filed an "Emergency Motion for an Evidentiary Hearing," "Motion for Evidentiary Hearing," and "Motion to Review Jail Conditions" ("Motions for Hearing), and Defendants have filed a Motion to Consolidate Pursuant to Civil Rule 42 ("Motion to Consolidate"). Dkt. 104, 108, 111, 121. After review of the relevant record, the Court denies Plaintiff's Motions for Hearing (Dkt. 104, 108, 121) and denies Defendants' Motion to Consolidate (Dkt. 111).

**I.    Motions for Hearing (Dkt. 104, 108, 121)**

In the Motions for Hearing, Plaintiff requests the Court set hearings on his requests for injunctive relief and to determine whether the Pierce County Jail is violating his rights. Plaintiff

moved for injunctive relief when Defendants allegedly confiscated Plaintiff's legal materials when he was temporarily transferred to Western State Hospital for a mental evaluation. *See* Dkt. 106, 109. The Court has reviewed Plaintiff's requests for injunctive relief and finds the requests are mooted by his transfer to a different facility. As Plaintiff's requests for injunctive relief are moot, the Court finds his requests for a hearing on his motions for injunctive relief are moot. Further, Plaintiff's request for a hearing to determine if the conditions at Pierce County Jail are constitutional are at issue in this lawsuit. *See* Dkt. 121. There are currently no dispositive motions pending in this action and the Court finds Plaintiff's request for a hearing regarding his conditions at Pierce County Jail unnecessary at this time. Accordingly, Plaintiff's Motions for Hearing (Dkt. 104, 108) are denied.

**II.     Motion to Consolidate (Dkt. 111)**

Defendants move to consolidate this action with a separate action filed by Plaintiff on February 2, 2017. *See* Dkt. 111, *Denton v. Pastor, et al.*, Case No. 3:17-cv-5075-BHS-TLF (W.D. Wash.). Plaintiff filed a Response stating he opposes consolidation of the two cases. Dkt. 124.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte. In re Adams Apple., Inc.* 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984).

Plaintiff is proceeding *pro se* and *in forma pauperis* in two separate civil actions, both filed pursuant to 42 U.S.C. § 1983 and alleging violations of his civil rights. *Denton v. Pastor*, et al., Case No. 3:16-cv-5314-RJB-DWC ("*Denton I*"); *Denton v. Pastor, et al.*, Case No. 3:17-cv-5075-BHS-TLF ("*Denton II*"). The instant action, *Denton I*, was filed on April 28, 2016. *Denton I* at Dkt. 1. Plaintiff is challenging his conditions of confinement while housed at Pierce County Jail. *Id.* at Dkt. 99. Specifically, Plaintiff alleges Defendants Lieutenant Charla James-Hutchinson and Sergeant Caruso denied Plaintiff due process when they revoked his good time credits and Defendants Pastor and Spencer created a policy which denied Plaintiff access to publications. *Id*. The Court has ruled on a motion to dismiss, dismissing several defendants and claims, and issued a pretrial scheduling order. *See* Dkt. 41, 44, 49, 100. Discovery was completed on August 28, 2017 and dispositive motions are due on or before September 27, 2017. Dkt. 100.

Plaintiff filed his second action, *Denton II*, on February 2, 2017. *Denton II* at Dkt. 1. In *Denton II*, Plaintiff alleges claims against Defendants Pastor, Spencer, James-Hutchinson, Caruso, Jackson, White, Lee, Shannah, Jones, Davis, Balderrama, Smith, Alexander, and Pero. *See id*. at Dkt. 11. Plaintiff alleges Defendants violated his constitutional rights when they: used excessive force against Plaintiff, failed to protect Plaintiff, retaliated against Plaintiff, denied Plaintiff access to his legal mail, and acted with deliberate indifference to Plaintiff's serious medical needs. *See id*. A motion to dismiss has been filed, but neither an answer nor pretrial scheduling order has been filed in *Denton II*. Discovery has not begun.

While the two cases require application of § 1983 law, they do not involve the same set of facts or legal issues and *Denton II* names 10 additional defendants. Moreover, the cases are at different procedural postures. In *Denton I*, discovery has been completed and the Court is

awaiting dispositive motions and, in *Denton II*, an answer has not been filed and discovery has not begun. If the Court were to consolidate the two cases, resolution of *Denton I* would be delayed considerably because the Court would require Plaintiff to file an amended complaint and litigation for both cases would be essential restarted. The Court finds the inconvenience and delay that will be caused by consolidation outweighs any time and effort saved by consolidation. Accordingly, Defendants' Motion (Dkt. 111) is denied.

Because Plaintiff has been filing documents which do not clearly indicate whether it applies to *Denton I* or *Denton II*, the Court finds it appropriate to provide Plaintiff with the following filing directions:

- On the top right side of each document submitted to the Court, Plaintiff must clearly indicate the case number.
- Plaintiff cannot file the same document in both cases; therefore, each filing should indicate only one case number on the top right side.
- As the two cases involve different facts and different defendants, Plaintiff must only file documents which relate to the specific facts of the case in which the document is filed.
- If any filing does not comply with these instructions, the Court will not consider the filing.

The Clerk is directed to file this Order in *Denton II*, 3:17-cv-05075-BHS-TLF.

Dated this 1st day of September, 2017.

David W. Christel
United States Magistrate Judge