UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

            Plaintiff,

   v.

PASTOR, JAMES-HUTCHISON, CARUSO, MARVIN SPENCER,

           Defendants.

CASE NO. 3:16-CV-05314-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: September 22, 2017

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court are Plaintiff Michael Denton's Motions entitled "Emergency" and "Motion to Order Defendants to Return Plaintiff's Legal Documents Seized by Defendant Charla James Hutchinson" ("Motions"). Dkt. 106, 109. The Court finds Plaintiff is requesting injunctive relief against Pierce County Jail employees and has been transferred to a different facility. As is no longer housed at Pierce County Jail, the Court recommends Plaintiff's Motions (Dkt. 106, 109) be denied as moot.

## BACKGROUND

Plaintiff, an inmate housed at Monroe Correctional Complex ("MCC"), alleges his rights were violated when: (1) Defendants Lieutenant Charla James Hutchinson and Sergeant Caruso denied Plaintiff due process when they revoked his good time credits; and (2) Defendants Pastor and Spencer created a policy which denied Plaintiff incoming publications. Dkt. 99.[1] In his Motions, Plaintiff states Defendants took his legal materials when he was transferred to Western State Hospital and requests the Court order Defendants to return his legal materials to him. Dkt. 106, 109. Plaintiff is essentially requesting the Court order Defendants to not interfere with his access to the courts.

Plaintiff initiated this lawsuit against employees at Pierce County Jail. Dkt. 4. In May of 2017, Plaintiff was transferred to Western State Hospital for a mental evaluation pursuant to a state court order. *See* Dkt. 113-5; 113-6. Plaintiff was returned to Pierce County Jail on June 2, 2017. *See* Dkt. 116, 127. The Pierce County Prosecuting Attorney's Office provided notice to the Court on June 12, 2017 that Plaintiff had been transferred to Department of Corrections custody and was being housed in the MCC. Dkt. 117. Plaintiff filed notice of his change of address as being at MCC on June 14, 2017. Dkt. 119.

## DISCUSSION

"[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."). An exception to the mootness doctrine

---

[1] On May 1, 2017, Plaintiff filed a Second Amended Complaint. Dkt. 99. The Second Amended Complaint is the operative pleading in this case and is a complete substitute for any previously filed complaints. *See* Dkt. 93.

exists if a plaintiff shows there is a "reasonable expectation" or "demonstrated probability" he will return to the prison from which he was transferred. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).

In his Motions, Plaintiff alleges conduct at Pierce County Jail deprived him of his access to the courts while he was housed at Western State Hospital and requests injunctive relief only as to conduct occurring at Pierce County Jail and Western State Hospital. *See* Dkt. 106, 109. On June 12, 2017, the Court received a notice Plaintiff had been transferred to MCC. Dkt. 117, 119. As Plaintiff has been transferred, Defendants--all of whom are Pierce County Jail employees--cannot continue to block Plaintiff's access to the courts and deny Plaintiff access to his legal materials. Plaintiff alleges he is challenging his conviction and may return to Pierce County Jail for a new trial. Dkt. 128. However, Plaintiff has not shown he has been awarded a new trial or shown that he has had any success in challenging his conviction. Therefore, Plaintiff has not shown a demonstrated probability that he will be returned to Pierce County Jail. Therefore, the Motions are moot.

If Plaintiff returns to Pierce County Jail, he is free to file a new motion to reflect his changed circumstances at that time. *St. Hilaire v. Arizona Department of Corrections*, 934 F.2d 324, *1 (9th Cir. 1991). The Court notes, however, the claims alleged in the Motions are unrelated to the allegations contained in his Second Amended Complaint. *See* Dkt. 99, 106, 109. In the Second Amended Complaint, Plaintiff contends Defendants violated his rights when they revoked his good time credits and created a policy which denied him access to his incoming publications. *See* Dkt. 99. In the Motions, Plaintiff contends Defendants denied him access to his legal materials and access to the courts. Dkt. 106, 109. As such, the Court finds the allegations and preliminary injunctive relief raised in the Motions are wholly unrelated to the claims alleged

in the Second Amended Complaint. Therefore, the Court would be unable to issue the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

**CONCLUSION**

As Plaintiff's transfer to MCC moots his requests for injunctive relief, this Court recommends Plaintiff's Motions (Dkt. 106, 109) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 22, 2017, as noted in the caption.

Dated this 1st day of September, 2017.

David W. Christel
United States Magistrate Judge