UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENTON,<br><br>               Plaintiff,<br><br>   v.<br><br>SHERIFF PAUL PASTOR, LT. CHARLA JAMES-HUTCHISON, SGT. JACKIE CARUSO, and CAPTAIN MARVIN SPENCER,<br><br>               Defendants. | CASE NO. 16-5314 RJB-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge David W. Christel. Dkt. 61. The Court has reviewed the Report and Recommendation, objections, other pleadings filed related to the Report and Recommendation, and the remaining file.

On April 28, 2016, Plaintiff, acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983. Dkts. 1 and 4. In his Second Amended Complaint, Plaintiff alleges that while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants Lieutenant Charla James-Hutchinson

1 and Sergeant Jackie Caruso violated his due process rights when they revoked his good time
2 credits and placed him in administrative segregation. Dkt. 99. He asserts that Defendants
3 Sheriff Paul Pastor and Captain Marvin Spencer violated his first amendment rights when they
4 created a policy which denied Plaintiff (and all prisoners in administrative segregation) receipt of
5 incoming publications, including subscription magazines and books. Dkt. 99.

6 Now pending is a Report and Recommendation, which recommends the Court summarily
7 dismiss Plaintiff's claims for violation of his due process rights related to his being placed in
8 administrative segregation and for violation of his first amendment rights in connection with the
9 policy restricting publications to inmates in administrative segregation. Dkt. 155. The Report
10 and Recommendation recommends denial of the Defendants' motion for summary dismissal of
11 Plaintiff's due process claim relating to the revocation of his good time credits, advising there are
12 issues of fact as to whether Defendants offered Plaintiff an opportunity to present witnesses at
13 the hearing he was given. *Id.* It recommends denial of Plaintiff's motion for summary judgment
14 in its entirety. *Id.*

15 Defendants object to the portion of the Report and Recommendation that recommends
16 denial of their motion for summary judgment on the due process claim relating to the revocation
17 of good time credits. Dkt. 156. Defendants assert that aside from Plaintiff's bare assertion that
18 he was not permitted to call witnesses, he makes no factual showing. *Id.* Accordingly,
19 Defendants assert that the motion should be granted and the claim also dismissed. *Id.*

20 Plaintiff also filed objections to the Report and Recommendation with attachments. Dkt.
21 158. Plaintiff's pleadings are hand written, with the lines very close together, and are very
22 difficult to read. *Id.* Some of the handwritten portions are under the CM-ECF header in
23 violation of Local Rule W.D. Wash. 10 (e)(1), which requires that no less than three inches of
24

space be left at the top of a pleading.  In any event, Plaintiff asserts that the magistrate judge erred in not granting him summary judgment on all his claims.  *Id.*, at 2.  As to his due process claim regarding good time credits, Plaintiff maintains that Defendants did not carry their burden; asserting that "nowhere on the loss of good time notification form [does it provide] that Plaintiff will be allowed to present witnesses or witness statements." *Id.*  He again asserts that he was not allowed to call witnesses or witness statements. *Id.*  He argues that his motion for summary judgment on all his claims should have been granted.  *Id.*

## **DISCUSSION**

The Report and Recommendation (Dkt. 155) should be renoted.  Defendants' objections are well taken.  They point out that Plaintiff failed to make specific factual statements that show (1) there were actually any witnesses that he intended to call, (2) if so, the identity of those witnesses, (3) or any statements of a named witnesses Plaintiff either had, or intended to obtain.  Plaintiff should be given one more opportunity to elaborate on this portion of his due process claim relating to the revocation of good time credits.

Plaintiff is again notified that the Defendants seek summary dismissal of Plaintiff's case pursuant to Fed. R. Civ. P. 56.  Plaintiff is further notified that if one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial.  In the event defendant files a motion for summary judgment by which it seeks to have his case dismissed, Plaintiff is notified that summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end his case.

Rule 56 tells Plaintiff what he must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of

material fact–that is, if there is no real dispute about any fact that would affect the result of Plaintiff's case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end Plaintiff's case. When a party the Plaintiff is suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), Plaintiff cannot simply rely on what his complaint says. Instead, Plaintiff must set out specific facts in a verified complaint, declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56 (e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If Plaintiff does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against him. If summary judgment is granted, Plaintiff's case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

If Plaintiff does not file a response providing the appropriate documentation as described above, this case may be dismissed and there will be no trial. Plaintiff is further notified that pursuant to Western District of Washington R. Civ. P. 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

Plaintiff should be given until December 29, 2017 to file any supplemental pleadings, if any. The Report and Recommendation should be renoted to December 29, 2017.

## **ORDER**

(1) The Report and Recommendation (Dkt. 155) **IS RENOTED** for **December 29, 2017**; and

(2) The Clerk is directed to send uncertified copies of this Order to Magistrate Judge David W. Christel, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of December, 2017.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge