UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| MICHAEL DENTON, | CASE NO. 16-5314 RJB-DWC |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| SHERIFF PAUL PASTOR, LT. CHARLA JAMES-HUTCHISON, SGT. JACKIE CARUSO, and CAPTAIN MARVIN SPENCER, | |
| Defendants. | |

This matter comes before the Court on the Plaintiff's Motion to Request Copy of the Declaration of Robert Dean Griffin (Dkt. 163), Plaintiff's "Motion to Strike/Remove Fraudulent Document Not Filed by Plaintiff Titled: Declaration of Robert Dean Griffin" (Dkt. 161), and the Report and Recommendation of Magistrate Judge David W. Christel (Dkt. 155). The Court has reviewed the pleadings filed regarding the motions, the Report and Recommendation, objections, other pleadings filed related to the Report and Recommendation, and the remaining file.

On April 28, 2016, Plaintiff, acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983. Dkts. 1 and 4. In his Second Amended Complaint, Plaintiff alleges that while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants Lieutenant Charla James-Hutchinson and Sergeant Jackie Caruso violated his due process rights when they revoked his good time credits (twice) and placed him in administrative segregation. Dkt. 99. He asserts that Defendants Sheriff Paul Pastor and Captain Marvin Spencer violated his first amendment rights when they created a policy which denied Plaintiff (and all prisoners in administrative segregation) receipt of incoming publications, including subscription magazines and books. Dkt. 99.

Now pending is a Report and Recommendation, which recommends the Court summarily dismiss Plaintiff's claims for violation of his due process rights related to his being placed in administrative segregation and for violation of his first amendment rights in connection with the policy restricting publications to inmates in administrative segregation. Dkt. 155. The Report and Recommendation recommends denial of the Defendants' motion for summary dismissal of Plaintiff's due process claim relating to the revocation of his good time credits, advising there are issues of fact as to whether Defendants offered Plaintiff an opportunity to present witnesses at the hearings he was given. *Id.* It recommends denial of Plaintiff's motion for summary judgment in its entirety. *Id.* The facts and procedural history are in the Report and Recommendation (Dkt. 155) and are adopted here by reference.

Defendants object to the portion of the Report and Recommendation that recommends denial of their motion for summary judgment on the due process claim relating to the revocation of good time credits. Dkt. 156. Defendants assert that aside from Plaintiff's bare assertion that

he was not permitted to call witnesses, he makes no factual showing. *Id.* Accordingly, Defendants assert that the motion should be granted and the claim also dismissed. *Id.*

Plaintiff also filed objections to the Report and Recommendation with attachments. Dkt. 158. Plaintiff's pleadings are hand written, with the lines very close together, and are very difficult to read. *Id.* Some of the handwritten portions are under the CM-ECF header in violation of Local Rule W.D. Wash. 10 (e)(1), which requires that no less than three inches of space be left at the top of a pleading. In any event, Plaintiff asserts that the magistrate judge erred in not granting him summary judgment on all his claims. *Id.*, at 2. As to his due process claim regarding good time credits, Plaintiff maintains that Defendants did not carry their burden; asserting that "nowhere on the loss of good time notification form [does it provide] that Plaintiff will be allowed to present witnesses or witness statements." *Id.* He again asserts that he was not allowed to call witnesses or witness statements. *Id.* He argues that his motion for summary judgment on all his claims should have been granted. *Id.*

On December 6, 2017, the Report and Recommendation (Dkt. 155) was renoted, by order, to give Plaintiff one more opportunity to elaborate on his due process claim related to the revocation of good time credits. Dkt. 160. In that order, the undersigned noted that Defendants' objections were well taken. *Id.* It further noted that the Defendants "point out that Plaintiff failed to make specific factual statements that show (1) there were actually any witnesses that he intended to call, (2) if so, the identity of those witnesses, (3) or any statements of a named witnesses Plaintiff either had, or intended to obtain." *Id.*

On December 1, 2017, a declaration was filed by Robert Dean Griffin, a prisoner at the Washington State Penitentiary. Dkt. 159. On December 8, 2017, Plaintiff filed a Motion to Request Copy of the Declaration of Robert Dean Griffin (Dkt. 163) and a "Motion to

Strike/Remove Fraudulent Document Not Filed by Plaintiff Titled: Declaration of Robert Dean Griffin" (Dkt. 161). In his motion to strike, Plaintiff states that he did not file Mr. Griffin's declaration and that Mr. Griffin is not a party to this case. Dkt. 161. Accordingly, Plaintiff moves to strike the declaration (Dkt. 161) and moves for a copy be sent to him (Dkt. 163).

On December 15, 2017, Plaintiff filed a supplemental response/objection and declaration. Dkts. 164 and 165. In these pleadings, (as it relates to his due process claim regarding the two revocations of good time credits) Plaintiff again asserts that Defendants did not afford him an opportunity to call witnesses in his defense at either hearing. Dkts. 164 and 165. He states in his supplemental declaration, that on January 8, 2016, he "requested witness statements from inmate[s] Brandon Evans and Mantez Buck," and Defendants James-Hutchison and Caruso told him he that he was "not allowed to have witness or witness statements at a due process hearing per Captain Spencer and jail policy." Dkt. 165, at 2. He further claims that "on the June 16, 2016 hearing [he] requested witness statements from inmate[s] Anthony Cloud and Brandon Evans" and was again told that he was "not allowed to have witness or witness statements at a due process hearing." Dkt. 165, at 2. Plaintiff asserts that this is contrary to the statement in the Supplemental Declaration of Defendant James-Hutchson, which stated:

> At the June 16, 2016 proceeding in a short exchange with the panel members, inmate Denton began to appear to complain that he wasn't being afforded his right to call witnesses. We attempted to clarify with him what he meant and if he wanted to call any witnesses, however, he became hostile, began swearing at us, and ultimately refused to communicate with us any further. He never identified any witnesses that he wished to call.

Dkt. 165 (*quoting* Dkt. 151, at 6). Plaintiff also complains that the Pierce County Jail form that he was given before the hearing did not inform him of his right to call witness/get witness

statements, unlike the form used by the Washington State Department of Corrections. Dkts. 164 and 165.

This opinion will first address Plaintiff's motion, then turn to consideration of the Report and Recommendation, and lastly, discuss the case schedule.

**DISCUSSION**

**Plaintiff's Motion for a Copy of the Declaration of Robert Dean Griffin and Motion to Strike.** Plaintiff's motion to be sent a copy of the declaration filed by Mr. Griffin (Dkt. 163) should be granted. The Clerk of the Court should be directed to send Plaintiff a copy of the Declaration of Robert Dean Griffin (Dkt. 159).

Further, Plaintiff's "Motion to Strike/Remove Fraudulent Document Not Filed by Plaintiff Titled: Declaration of Robert Dean Griffin" (Dkt. 161) should be granted. Defendants do not oppose the motion. The declaration was not filed by any of the parties. It should be stricken from the record.

**The Report and Recommendation**. The Report and Recommendation (Dkt. 155) should be adopted. As recommended, Plaintiff's motion for summary judgment should be denied. Plaintiff's objections are simply a repeat of his prior arguments which are addressed in the Report and Recommendation.

As recommended, Defendants' motion for summary judgment should be denied as to Plaintiff's due process claim regarding the two revocations of good time credits and granted in all other respects. While Defendants raise valid concerns regarding the veracity of Plaintiff's assertions in their objections, Plaintiff has now made specific factual statements that show that there were actually witnesses that he intended to call (or witness statements he intended to gather) and that his request for them was denied.

**Case Schedule**. A case schedule needs to be set in this case. On or before January 26, 2018, the parties should each file a proposed case schedule, indicating what matters remain to be addressed before trial, and proposed trial dates.

As it pertains to his claim regarding the revocations of good time credits, Plaintiff states, in his Second Amended Complaint, that he seeks damages, an order requiring the jail "to create a disciplinary board that follows all procedural due process rights of pre-trial detainees . . . that the jail hire an outside person to be a hearings officer, . . . that disciplinary hearings be . . . recorded," that inmates be given notice of discipline, and that all witness statements be gathered before a disciplinary hearing. Dkt. 99, at 4. Plaintiff does not seek a return of the good time credits.

## **ORDER**

(1) Plaintiff's Motion to Request Copy of the Declaration of Robert Dean Griffin (Dkt. 163) **IS GRANTED**;

    a. The Clerk of the Court is Directed to send Plaintiff a copy of the Declaration of Robert Dean Griffin (Dkt. 159);

(2) Plaintiff's "Motion to Strike/Remove Fraudulent Document Not Filed by Plaintiff Titled: Declaration of Robert Dean Griffin" (Dkt. 161) **IS GRANTED**;

(3) The Report and Recommendation of Magistrate Judge David W. Christel (Dkt. 155) **IS ADOPTED**:

    a. Plaintiff's Motion for Summary Judgment (Dkt. 133) **IS DENIED**;

    b. Defendants' Motion for Summary Judgment (Dkt. 139) **IS DENIED** as to Plaintiff's due process claim regarding the revocation of good time credits and **GRANTED** in all other respects;

(4) On or before **January 26, 2018**, the parties **SHALL EACH FILE** a proposed case schedule, indicating what matters remain to be addressed before trial, and proposed trial dates.

(5) The Clerk is directed to send uncertified copies of this Order to Magistrate Judge David W. Christel, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of January, 2018.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge