UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                Plaintiff,

v.

LT. CHARLA JAMES-HUTCHISON,
SGT. JACKIE CARUSO,

                Defendants.

CASE NO. 16-5314 RJB

ORDER ON PLAINTIFF'S RESPONSE/OBJECTION TO R & R ORDERING TRIAL BY VIDEO TELECONFERECE IN A JURY TRIAL

THIS MATTER comes before the Court on Plaintiff's Response/Objection to R & R Ordering Trail [sic] by Video Teleconference in and Jury Trail [sic], which the Court should construe as a motion for reconsideration. Dkt. 197. The Court has considered the motion and the remaining record.

On April 28, 2016, Plaintiff, a prisoner acting pro se, filed this case pursuant to 42 U.S.C. § 1983. Dkts. 1 and 4. This case is set to begin trial solely on Plaintiff's claim that, while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants Lieutenant Charla

James-Hutchinson and Sergeant Jackie Caruso violated his due process rights when they revoked his good time credits. Dkt. 99.

On May 30, 2018, Plaintiff's writ of habeas corpus ad testificandum, filed to have him brought from state prison in Walla Walla to Tacoma to present his case in person, was denied. Dkt. 194. The undersigned found that Plaintiff could appear via live videoconferencing. Dkt. 194.

On June 14, 2018, Plaintiff filed a Motion to Set Settlement Conference to Accept Defendant's Offer, which is noted for consideration on June 29, 2018. Dkt. 195.

On June 21, 2018, Plaintiff filed a Motion to Continue Scheduling Order Dates for Trial (Dkt. 196) and Motion to Request Bench Trial (Dkt. 198). Both motions are noted for consideration on July 6, 2018. Dkts. 196 and 198.

On June 21, 2018, Plaintiff also filed the instant motion for reconsideration, in which he asserts that the order that he appear via video conference should be vacated. Dkt. 197. He asserts that he has participated in trials in person (one in which he defended himself) and no one was injured. *Id.* He asserts that concerns over his propensity toward violence are exaggerated. *Id.* Further, he maintains that his constitutional right to a trial would be impacted, in part because the jury would see him in a prison jumpsuit and in a prison cell. *Id.* Plaintiff moves for appointment of counsel if the court does not allow him to appear physically. *Id.*

This opinion will first consider Plaintiff's motion for reconsideration and then his motion for appointment of counsel.

**Standard on Motion for Reconsideration**. Under Local Rule W.D. Washington 7 (h)(2), a motion for reconsideration shall be filed "within fourteen days after the order to which it relates." Moreover, "[m]otions for reconsideration are disfavored." Local Rule 7 (h)(1). The

rule further provides that "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier." *Id.*

**Decision on Plaintiff's Motion for Reconsideration.** Plaintiff's motion for reconsideration (Dkt. 197) should be denied as untimely – it was filed 21 days after the order was filed – 7 days too late. Further, Plaintiff fails to make a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier." Local Rule 7 (h)(1). While Plaintiff takes exception to some of the findings in the order denying his writ of habeas corpus ad testificandum, he offers no proof to the contrary. Although Plaintiff raises concerns about the jury seeing him in his prison clothing, the events in question occurred while he was in custody, so that the Plaintiff is still in custody is not overly prejudicial. The May 30, 2018 order denying Plaintiff's writ of habeas corpus ad testificandum (Dkt. 194) should be affirmed.

**Motion for Appointment of Counsel.** Normally, if a plaintiff has been granted *in forma pauperis* status, the court may appoint counsel to represent him or her in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's motion for appointment of counsel (Dkt. 197) should be denied. There is no showing of an exceptional circumstance here. Plaintiff has an even likelihood of success on the merits. *Weygandt,* at 954. He is able to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Id.* His motion (Dkt. 197) should be denied.

.

## ORDER

It is **ORDERED** that:

- Plaintiff's motion for reconsideration (Dkt. 197) **IS DENIED**;
- The May 30, 2018 order denying Plaintiff's writ of habeas corpus ad testificandum (Dkt. 194) **IS AFFIRMED**; and
- Plaintiff's Application for Court Appointed Counsel (Dkt. 197) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of June, 2018.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge