UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

               Plaintiff,

v.

LT. CHARLA JAMES-HUTCHISON,
SGT. JACKIE CARUSO,

               Defendants.

CASE NO. 16-5314 RJB

ORDER ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO CONTINUE, AND VARIOUS OTHER MOTIONS

THIS MATTER comes before the Court on Plaintiff's Motion to Continue Scheduling Order Dates for Trail [sic] (Dkt. 196), Plaintiff's Motion to Request Bench Trail [sic] without a Jury (Dkt. 198), Motion for Appointment of Counsel (Dkt. 198) and Plaintiff's Emergency Motion for Temporary Restraining order and Order to Show Cause for Preliminary Injunction (Dkt. 204). The Court has considered the pleadings filed regarding the motions and the remaining record.

On April 28, 2016, Plaintiff, a prisoner acting *pro se*, filed this case pursuant to 42 U.S.C.

§ 1983. Dkts. 1 and 4. This case is set to begin trial on August 13, 2018 on the Plaintiff's claim that, while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants Lieutenant Charla James-Hutchinson and Sergeant Jackie Caruso violated his due process rights when they revoked his good time credits. Dkt. 99. Defendants filed a jury demand in their answer. Dkt. 48.

**Motion for Extension of Pre-Trial Deadlines and Trial Date**: Plaintiff now moves for an extension of time for all remaining deadlines, including the date that the trial is set to begin. Dkt. 196. He requests that the trial be reset from August 18, 2018 to a date in October 2018 and the remaining case deadlines be reset in September. *Id.* Plaintiff argues that officers at the Washington State Penitentiary seized all his legal documents on May 30, 2018. *Id.* (It is unclear if, or when, they will be returned.) He maintains that he cannot meet the July 16, 2018 deadline to file motions in limine, and is concerned about meeting the other deadlines in the case. Dkt. 196. (The agreed pretrial order is due July 27, 2018; trial briefs, proposed voir dire, and proposed jury instructions are due on the day of the pretrial conference – August 3, 2018. Dkt. 173.) Plaintiff states that he filed an emergency motion in *Denton v. Thrasher,* Western District of Washington case number 18-5017-BHS-DWC for return of the documents, but no decision has been made on the motion. Dkt. 196. If the Court does not grant the motion for an extension, Plaintiff moves for a free copy of Plaintiff's Second Amended Complaint with the exhibits "so that Plaintiff will be able to admit proper evidence into trial." Dkt. 196, at 2.

Defendants respond and argue that they have no objections to extending the case deadlines. Dkt. 201. Defendants' counsel states that he has a one to two week trial scheduled to begin October 11, 2018, and so it may go until October 25, 2018. Dkt. 201.

1     **Standard on Motion for Extension of Time**. Under Fed. R. Civ. P. 16 (a)(4), a case
schedule may be modified for good cause.

    **Decision on Motion for Extension of Time**. Plaintiff's motion for an extension of time (Dkt. 196) should be granted. Plaintiff has shown sufficient good cause for this extension. The trial should be rescheduled to begin on October 29, 2018 at 9:00 a.m. The clerk should be directed to issue a new scheduling order resetting any remaining deadlines.

    Plaintiff should be aware that further extensions of time are very unlikely.

    **Motion to Request Bench Trial without a Jury**. In this motion, Plaintiff moves to withdraw his jury demand, and asks that the trial be conducted without a jury. Dkt. 198. Plaintiff asserts that because the undersigned is requiring him to try the case via video conference, he would not be given a fair trial with a jury. Dkt. 198. He maintains that the jury would be prejudiced by seeing him in prison clothing in a jail cell, and would assume that Plaintiff was guilty of committing a crime. *Id.* Plaintiff asserts that "this is a clear case which can be handled/tried and heard without a jury." *Id.* If the court does not grant this motion, Plaintiff again moves for appointment of counsel. *Id.*

    Defendants respond and note that they made a proper jury demand in their answer. Dkt. 201. They do not consent to withdrawing their jury demand. *Id.*

    **Standard on Motion for Bench Trial and without a Jury**. Fed. R. Civ. P. 38 (d) provides that "[a] proper jury demand may be withdrawn only if the parties consent."

    **Decision on Motion for Bench Trial and without a Jury**. The motion for a bench trial (Dkt. 198) should be denied. The Defendants did not consent as is required under Rule 38 (d). Further, Plaintiff's concern that the jury will be prejudiced by seeing him in prison clothing or in a cell is lessened by the fact that the events that are the subject of this case occurred while

Plaintiff was in jail. That he is still in custody will not come as a surprise to the jury or unduly prejudice them.

**Standard on Motion for Appointment of Counsel**. Normally, if a plaintiff has been granted *in forma pauperis* status, the court may appoint counsel to represent him or her in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**Decision on Motion for Appointment of Counsel**. Plaintiff's motion for appointment of counsel (Dkt. 198) should be denied. There is no showing of an exceptional circumstance here. Plaintiff has an even likelihood of success on the merits. *Weygandt,* at 954. He is able to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Id.* His motion (Dkt. 198) should be denied.

**Motion for Temporary Restraining Order**. After the above motions were filed, on June 29, 2018, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Order to Show Cause. Dkt. 204. It was noted for consideration on June 29, 2018. *Id.* In this motion, the Plaintiff alleges that on May 30, 2018, officers at the Washington State Penitentiary took a box which contained his legal papers. *Id.* He expresses concern about meeting the deadlines set in this case. *Id.* He "requests this Court to order and restraining the defendants Paul Pastor, Tim Thrasher from illegally withholding Plaintiff 1 legal box which contains all of Plaintiff [sic] legal documents on all three active civil case[s]." *Id.,* at 4. The Plaintiff further seeks an order requiring Paul Pastor and Tim Thrasher to return the box of legal documents. *Id.* Plaintiff filed this same motion in *Denton v. Pastor*, *et. al.*, Western District of Washington case number 17-

5075-BHS-TLF, Dkt. 117; and in *Denton v. Thrasher, et. al.*, Western District of Washington case number 18-5017-BHS-DWC, Dkt. 36.

**Standard on Motion for Temporary Restraining Order/Preliminary Injunction**. "A party can obtain a preliminary injunction by showing that (1) it is 'likely to succeed on the merits,' (2) it is 'likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'the balance of equities tips in [its] favor,' and (4) 'an injunction is in the public interest.'" *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)(quoting *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008)). Moreover, a "preliminary injunction may also be appropriate if a movant raises 'serious questions going to the merits' and the 'balance of hardships ... tips sharply towards' it, as long as the second and third *Winter* factors are satisfied." *Id.* (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011)).

## ORDER

It is **ORDERED** that:

- Plaintiff's Motion to Continue Scheduling Order Dates for Trail [sic] (Dkt. 196) **IS GRANTED;**

- Trial **IS RESET** to begin on **October 29, 2018**, at **9:00 a.m**.; and

- Plaintiff's Motion to Request Bench Trail [sic] without a Jury (Dkt. 198) **IS DENIED;**

- Plaintiff's Motion for Appointment of Counsel (Dkt. 198) **IS DENIED**; and

- Plaintiff's Emergency Motion for Temporary Restraining order and Order to Show Cause for Preliminary Injunction (Dkt. 204) **IS DENIED WITHOUT PREJUDICE**.

1  The Clerk is directed to issue a scheduling order resetting any pending pre-trial deadlines.
2  The Clerk is further directed to send uncertified copies of this Order to all counsel of record and
3  to any party appearing *pro se* at said party's last known address.
4  Dated this 9th day of July, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge