UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                Plaintiff,

v.

LT. CHARLA JAMES-HUTCHISON,
SGT. JACKIE CARUSO,

                Defendants.

CASE NO. 16-5314 RJB

ORDER ON PLAINTIFF'S MOTION TO ALLOW OFFICER MARK KNIGHTON TO TESTIFY AT TRIAL

THIS MATTER comes before the Court on Plaintiff's Motion to Allow Disciplinary Hearings Officer Mark Knighton to Testify at Trial. Dkt. 203. The Court has considered the pleadings filed regarding the motion and the remaining record.

On April 28, 2016, Plaintiff, a prisoner acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983. Dkts. 1 and 4. This case is set to begin trial on October 29, 2018 on the Plaintiff's claim that, while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants Lieutenant Charla James-Hutchinson and Sergeant Jackie Caruso violated his due process rights when they revoked his good time credits. Dkt. 99.

ORDER ON PLAINTIFF'S MOTION TO ALLOW OFFICER MARK KNIGHTON TO TESTIFY AT TRIAL - 1

**Motion**: In the current motion, Plaintiff moves the Court to allow Washington State Penitentiary Disciplinary Hearings Officer Mark Knighton to testify at the trial. Dkt. 203. Plaintiff's motion states what Plaintiff would like Officer Knighton's testimony to be, including: what must be stated on disciplinary notice forms; all rights of inmates at disciplinary hearings; that all hearings must be audio taped; that the inmate must be asked at the hearing, while the audio tape recorder is on, if he or she received the notice form, the basis for the hearing, and whether he or she "requested any witnesses statements from any other inmate or officer to be retrieved by the disciplinary officer and served on the inmate before the hearing is conducted;" and lastly, what Officer Knighton's job is as a disciplinary officer. *Id.,* at 2-3.

Defendants respond and oppose the motion. Dkt. 208. They assert that Officer Knighton's testimony, and that of any other Washington Department of Corrections employee regarding its' practices, procedures or polices should be excluded as irrelevant under Fed. Evid. R. 401, inadmissible under Fed. Evid. R. 402, and otherwise excludable under Fed. Evid. R. 403. *Id.*

Plaintiff replies, and argues that Officer Knighton's testimony is relevant because he is an expert in the due process rights of prisoners at disciplinary hearings. Dkt. 217. He maintains that the Defendants did not allow him to call witnesses at the hearings, did not inform him of his rights, or audio tape the hearing. *Id*.

**Standard on Motion**. Fed. Evid. R. 401 provides, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Fed. R. Evid. R. 402, "irrelevant evidence is not admissible." Further, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. Rule 403.

**Decision on Motion**. Plaintiff's motion (Dkt. 203) should be denied without prejudice. At this stage, Plaintiff's proffered evidence is not relevant. The Supreme Court has held that where, as here, an inmate has a protected liberty interest in good time credits, due process requires that, before and at the disciplinary hearing, the inmate "receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts Correctional Institution, Wapole v. Hill*, 472 U.S. 445, 454 (2001)(*internal citation omitted*). In the Order Adopting the Report and Recommendation, this Court held that the Defendants met the first and third requirements. Dkt. 166. There are issues of fact as to the second requirement only: whether Plaintiff was given an opportunity to call witnesses. The Defendants assert that they gave him the opportunity and Plaintiff maintains they did not. Officer Knighton's testimony regarding the practices, policies and procedures at the state Department of Corrections is not relevant to the issue whether the Pierce County, Washington Jail employees did or did not give Plaintiff an opportunity to call witnesses. At this point, Plaintiff has not made a showing that this evidence is relevant to the issues at trial, and so should be excluded under Fed. Evid. R. 401 and 402.

Moreover, the testimony that Plaintiff seeks to elicit regarding the practices, policies, and procedures at the state prisons would, at least in part, present cumulative evidence. The Defendants acknowledge that they had to provide him notice of the charges and a statement of

reasons after the hearing. Further testimony that they had those obligations would be unnecessarily cumulative and should be excluded under Fed. Evid. R. 403.

The motion (Dkt. 203) should be denied without prejudice.

**ORDER**

It is **ORDERED** that:

- Plaintiff's Motion to Allow Disciplinary Hearings Officer Mark Knighton to Testify at Trial (Dkt. 203) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of July, 2018.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge