| | |
|---|---|
| MICHAEL DENTON, | CASE NO. 16-5314 RJB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ALLOW MICHELLE WALKER TO TESTIFY AT TRIAL AND OTHER MOTIONS |
| v. | |
| LT. CHARLA JAMES-HUTCHISON, SGT. JACKIE CARUSO, | |
| Defendants. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THIS MATTER comes before the Court on Plaintiff's Motion to Allow Disciplinary Hearings Program Administrator Michelle Walker to Testify at Trial (Dkt. 215), Plaintiff's Motion to Request that the Defendants Appear by Video Teleconference for Trial (Dkt. 214), and Plaintiff's motion for appointment of counsel (Dkt. 214). The Court has considered the pleadings filed regarding the motions and the remaining record.

On April 28, 2016, Plaintiff, a prisoner acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983. Dkts. 1 and 4. This case is set to begin trial on October 29, 2018 on the Plaintiff's claim that, while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants

ORDER DENYING PLAINTIFF'S MOTION TO ALLOW MICHELLE WALKER TO TESTIFY AT TRIAL AND OTHER MOTIONS - 1

Lieutenant Charla James-Hutchinson and Sergeant Jackie Caruso violated his due process rights when they revoked his good time credits. Dkt. 99.

A. **Plaintiff's Motion to Allow Disciplinary Hearings Program Administrator Michelle Walker to Testify at Trial**

**Motion Regarding Ms. Walker**: In the current motion, Plaintiff moves the Court to allow Washington State Penitentiary Disciplinary Hearings Program Manager Michelle Walker to testify at the trial. Dkt. 215. Plaintiff's motion states what Plaintiff would like Ms. Walker's testimony to be, including: what must be stated on disciplinary notice forms; the rights of inmates at disciplinary hearings; that no DOC officer/employee can conduct a disciplinary except a disciplinary hearings officer, all hearings must be audio taped; that the inmate must be asked at the hearing, while the audio tape recorder is on, if he or she received the notice form, the basis for the hearing, and whether he or she "requested any witnesses statements from any other inmate or officer to be retrieved by the disciplinary officer and served on the inmate before the hearing is conducted." *Id.,* at 2-3.

Defendants respond and oppose the motion. Dkt. 218. They assert that Ms. Walker's testimony, and that of any other Washington Department of Corrections employee regarding its' practices, procedures or polices should be excluded as irrelevant under Fed. Evid. R. 401, inadmissible under Fed. Evid. R. 402, and otherwise excludable under Fed. Evid. R. 403. *Id.*

**Standard on Motion**. Fed. Evid. R. 401 provides, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Fed. R. Evid. R. 402, "irrelevant evidence is not admissible." Further, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. Rule 403.

**Decision on Motion**. Plaintiff's motion (Dkt. 215) should be denied without prejudice. At this stage, Plaintiff's proffered evidence is not relevant. The Supreme Court has held that where, as here, an inmate has a protected liberty interest in good time credits, due process requires that, before and at the disciplinary hearing, the inmate "receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts Correctional Institution, Wapole v. Hill,* 472 U.S. 445, 454 (2001)(*internal citation omitted*). In the Order Adopting the Report and Recommendation, this Court held that the Defendants met the first and third requirements. Dkt. 166. There are issues of fact as to the second requirement only: whether Plaintiff was given an opportunity to call witnesses. The Defendants assert that they gave him the opportunity and Plaintiff maintains they did not. Ms. Walker's testimony regarding the practices, policies and procedures at the state Department of Corrections is not relevant to the issue whether the Pierce County, Washington Jail employees did or did not give Plaintiff an opportunity to call witnesses. At this point, Plaintiff has not made a showing that this evidence is relevant to the issues at trial, and so should be excluded under Fed. Evid. R. 401 and 402.

Moreover, the testimony that Plaintiff seeks to elicit regarding the practices, policies, and procedures at the state prisons would, at least in part, present cumulative evidence. The Defendants acknowledge that they had to provide him notice of the charges and a statement of

reasons after the hearing. Further testimony that they had those obligations would be unnecessarily cumulative and should be excluded under Fed. Evid. R. 403.

The Plaintiff's Motion to Allow Disciplinary Hearings Program Administrator Michelle Walker to Testify at Trial (Dkt. 215) should be denied without prejudice.

### B. Plaintiff's Motion to Request that the Defendants Appear by Video Teleconference

**Motion**. In this motion, Plaintiff seeks an order from the Court requiring that the Defendants also appear by video teleconference at trial, arguing that forcing Plaintiff to appear by video and not requiring the same of Defendants gives Defendants an unfair advantage. Dkt. 214.

Defendants oppose the motion and argue that they have done nothing to warrant being required to appear by video. Dkt. 219. They maintain that to the extent Plaintiff moves the Court to again reconsider the prior order denying him his Writ of Habeas Corpus Testificandum (Dkt. 194), the motion should be denied. *Id.*

**Standard on Motion**. Generally, "parties in a civil trial have a right to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict." *Kulas v. Flores,* 255 F.3d 780, 786 (9th Cir. 2001)(*internal quotation marks and citation omitted*). At times, "imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf." *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989).

**Decision on Motion**. Plaintiff's Motion to Request that the Defendants Appear by Video Teleconference at Trial (Dkt. 214) should be denied. There is no basis to require Defendants to appear at trial via videoconference. They are not in custody, and Plaintiff points to no rational basis to enter such an order. To the extent Plaintiff again moves for reconsideration of the May

30, 2018 Order denying his Writ of Habeas Corpus Ad Testificandum (Dkt. 194), his motion should be denied. As stated in the prior order denying his motions for reconsideration on this issue:

> Under Local Rule W.D. Washington 7 (h)(2), a motion for reconsideration shall be filed "within fourteen days after the order to which it relates." Moreover, "[m]otions for reconsideration are disfavored." Local Rule 7 (h)(1). The rule further provides that "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier." *Id*.

Dkt. 199. Plaintiff's current motion for reconsideration (Dkt. 214) should be denied. It is untimely – it was filed 43 days after the order was filed – 29 days too late. Further, Plaintiff fails to make a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier." Local Rule 7 (h)(1).

### C. Plaintiff's Motion for Appointment of Counsel

**Motion**. If the motion requiring that the Defendants also appear by video teleconference at trial is denied, Plaintiff moves for the appointment of counsel, again. Dkt. 214.

**Standard**. Normally, if a plaintiff has been granted *in forma pauperis* status, the court may appoint counsel to represent him or her in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

**Decision on Motion for Appointment of Counsel**. Plaintiff's motion for appointment of counsel (Dkt. 214) should be denied. As was true in his prior motion for appointment of counsel (Dkts. 198), there is no showing of an exceptional circumstance here. Plaintiff has an

even likelihood of success on the merits. *Weygandt,* at 954. He is able to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Id.* His motion (Dkt. 214) should be denied.

**ORDER**

It is **ORDERED** that:

- Plaintiff's Motion to Allow Disciplinary Hearings Program Administrator Michelle Walker to Testify at Trial (Dkt. 215) **IS DENIED WITHOUT PREJUDICE;**
- Plaintiff's Motion to Request that the Defendants Appear by Video Teleconference for Trial (Dkt. 214) **IS DENIED**; and
- Plaintiff's motion for appointment of counsel (Dkt. 214) **IS DENIED**.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of August, 2018.

ROBERT J. BRYAN
United States District Judge