UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

               Plaintiff,

   v.

LT. CHARLA JAMES-HUTCHISON,
SGT. JACKIE CARUSO,

               Defendants.

CASE NO. 16-5314 RJB

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE MOTION TO ALLOW MICHELLE WALKER TO TESTIFY AT TRIAL AND OTHER MOTIONS

      THIS MATTER comes before the Court on "Plaintiff [sic] Response/Objections to Order Denying Plaintiff's Motion to Allow Michelle Walker to Testify at Trail" (Dkt. 223), which the Court will construe as a motion for reconsideration. Dkt. 228. The Court has considered the pleadings filed regarding the motion and the remaining record.

      On April 28, 2016, Plaintiff, a prisoner acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983. Dkts. 1 and 4. This case is set to begin trial on October 29, 2018 on the Plaintiff's claim that, while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE MOTION TO ALLOW MICHELLE WALKER TO TESTIFY AT TRIAL AND OTHER MOTIONS - 1

1 | Lieutenant Charla James-Hutchinson and Sergeant Jackie Caruso violated his due process rights when they revoked his good time credits. Dkt. 99.

On July 13, 2018, Plaintiff filed a Motion to allow Disciplinary Hearings Program Manager Michelle Walker to testify at the trial. Dkt. 215. The motion was noted for consideration on Friday, August 3, 2018.

On August 7, 2018, the Court denied Plaintiff's motion without prejudice. Dkt. 223. That order provided:

> At this stage, Plaintiff's proffered evidence is not relevant. The Supreme Court has held that where, as here, an inmate has a protected liberty interest in good time credits, due process requires that, before and at the disciplinary hearing, the inmate "receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts Correctional Institution, Wapole v. Hill,* 472 U.S. 445, 454 (2001)(*internal citation omitted*). In the Order Adopting the Report and Recommendation, this Court held that the Defendants met the first and third requirements. Dkt. 166. There are issues of fact as to the second requirement only: whether Plaintiff was given an opportunity to call witnesses. The Defendants assert that they gave him the opportunity and Plaintiff maintains they did not. Ms. Walker's testimony regarding the practices, policies and procedures at the state Department of Corrections is not relevant to the issue whether the Pierce County, Washington Jail employees did or did not give Plaintiff an opportunity to call witnesses. At this point, Plaintiff has not made a showing that this evidence is relevant to the issues at trial, and so should be excluded under Fed. Evid. R. 401 and 402.
> Moreover, the testimony that Plaintiff seeks to elicit regarding the practices, policies, and procedures at the state prisons would, at least in part, present cumulative evidence. The Defendants acknowledge that they had to provide him notice of the charges and a statement of reasons after the hearing. Further testimony that they had those obligations would be unnecessarily cumulative and should be excluded under Fed. Evid. R. 403.
> The Plaintiff's Motion to Allow Disciplinary Hearings Program Administrator Michelle Walker to Testify at Trial (Dkt. 215) should be denied without prejudice.

Dkt. 223.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE MOTION TO ALLOW MICHELLE WALKER TO TESTIFY AT TRIAL AND OTHER MOTIONS - 2

**Motion for Reconsideration**. Plaintiff's motion is dated August 31, 2018 and was filed September 13, 2018. Dkt. 228. Plaintiff's motion notes that on the day the order at issue was filed, August 7, 2018, he was moved from the Washington Corrections Center to the Washington State Penitentiary. *Id*. He notes that he filed a motion for extension of all deadlines due in August. *Id.* (His motion for an extension of time was filed on August 10, 2018. Dkt. 224. It was granted on September 4, 2018. Dkt. 224. The due date for Plaintiff's responsive pleadings, if any, were extended to September 10, 2018. Dkt. 224.) He states in the instant motion for reconsideration that "mail is still catching up" to him. Dkt. 228.

Plaintiff further asserts that the Court improperly identified Ms. Walker as an employee of the Washington State Penitentiary. Dkt. 228. He maintains that she works at the Department of Corrections headquarters in Olympia. *Id*. Plaintiff again asserts that Ms. Walker is an expert on the proper process prisoners are due at disciplinary hearings in the state corrections system and should be allowed to testify. *Id.* He argues that the Court erred in denying her testimony.

**Standard on Motion for Reconsideration**. Under Local Rule W.D. Washington 7 (h)(2), a motion for reconsideration shall be filed "within fourteen days after the order to which it relates." Moreover, "[m]otions for reconsideration are disfavored." Local Rule 7 (h)(1). The rule further provides that "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier." *Id*.

**Decision on Motion**. Although it is untimely, in light of the order extending deadlines (Dkt. 224), the Court will not deny the motion on that basis. Plaintiff's motion for reconsideration (Dkt. 228) should be denied. Plaintiff fails to make a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE MOTION TO ALLOW MICHELLE WALKER TO TESTIFY AT TRIAL AND OTHER MOTIONS - 3

brought to [the Court's] attention earlier." Local Rule 7 (h)(1). Whether Ms. Walker is employed at the state headquarters or in one of the state run facilities is immaterial. The prior order denying, without prejudice, Plaintiff's motion to allow the testimony of Ms. Walker (Dkt. 223) should be affirmed and the reasoning therein is adopted. Further, as stated in the Court's Order on Plaintiff's Motions in Limine, "[t]he The Court will instruct the jury on the Plaintiff's due process rights." Dkt. 227. Plaintiff's motion for reconsideration (Dkt. 228) should be denied.

**ORDER**

It is **ORDERED** that:

- Plaintiff's Motion for Reconsideration of the Order Denying, Without Prejudice, Plaintiff's Motion to Allow Disciplinary Hearings Program Administrator Michelle Walker to Testify at Trial (Dkt. 228) **IS DENIED**.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of September, 2018.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge