UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

        Plaintiff,

v.

LT. CHARLA JAMES-HUTCHISON,
SGT. JACKIE CARUSO,

        Defendants.

CASE NO. 16-5314 RJB

ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO STRIKE

THIS MATTER comes before the Court on Plaintiff's "Motion to Strike Inadmissible Witness Requested by the Defendants in the Defendants['] Pretrail [sic] Statement Pursuant to LCR 16 (i)." Dkt. 229. The Court has considered the pleadings filed regarding the motion and the remaining record.

On April 28, 2016, Plaintiff, a prisoner acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983. Dkts. 1 and 4. This case is set to begin trial on October 29, 2018 on the Plaintiff's claim that, while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants Lieutenant Charla James-Hutchinson and Sergeant Jackie Caruso violated his due process rights

ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO STRIKE - 1

when they revoked his good time credits.  Dkt. 99.  Trial was originally scheduled for August 18, 2018.

According to the Defendants, in accord with Local Rule W.D. Wash 16 (i), Defendants served Plaintiff a pretrial statement on July 6, 2018, in preparation for the original trial date. Dkt. 231.  Under Local Rule 16 (h) and (i):

> **(h) Plaintiff's Pretrial Statement**
> Not later than 30 days prior to the date for filing the proposed pretrial order, counsel for plaintiff(s) shall serve upon counsel for all other parties a brief statement as to:
> (1) Federal jurisdiction;
> (2) Which claims for relief plaintiff intends to pursue at trial, stated in summary fashion;
> (3) Relevant facts about which plaintiff asserts there is no dispute and which plaintiff is prepared to admit;
> (4) Issues of law;
> (5) The names and addresses of all witnesses who might be called by plaintiff, and the general nature of the expected testimony of each. As to each witness, plaintiff shall indicate "will testify" or "possible witness only." Rebuttal witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial, need not be named;
> (6) A list of all exhibits which will be offered by plaintiff at the time of trial, except exhibits to be used for impeachment only, and a statement of whether the plaintiff intends to present exhibits in electronic format to jurors. The exhibits shall be numbered in the manner required by the assigned judge during a pre-trial conference, in the applicable case management order, or by other order. Further clarification may be obtained by reviewing the assigned judge's web page at http://wawd.uscourts.gov or, in the absence of guidance in an order or on the web page, by contacting the assigned judge's courtroom deputy.
>
> **(i) Defendant's Pretrial Statement**
> Not later than 20 days prior to the filing of the proposed pretrial order, each defense counsel shall serve upon counsel for all other parties a brief statement as to:
> (1) Objections, additions or changes which defendant believes should be made to plaintiff's statement on federal jurisdiction and admitted facts;
> (2) Which affirmative defenses and/or claims for relief defendant intends to pursue at trial, stated in summary fashion;
> (3) Objections, additions or changes which defendant believes should be made to plaintiff's statement of issues of law;
> (4) The names and addresses of all witnesses who might be called by defendant, and the general nature of the expected testimony of each. As to each witness,

| | |
|---|---|
| 1 | defendant shall indicate "will testify" or "possible witness only." Rebuttal witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial, need not be named; |
| 2 | |
| 3 | (5) A list of all exhibits which will be offered by defendant at the time of trial, except exhibits already listed by plaintiff and exhibits to be used for impeachment only, and a statement of whether the defendant intends to present exhibits in electronic format to jurors. All exhibits shall be numbered in the manner required by the assigned judge during a pre-trial conference, in the applicable case management order, or by other order. |
| 4 | |
| 5 | |
| 6 | Further clarification may be obtained by reviewing the assigned judge's web page at http://wawd.uscourts.gov or, in the absence of guidance in an order or on the web page, by contacting the assigned judge's courtroom deputy. |
| 7 | |
| 8 | No party is required to list any exhibit which is listed by another party. |

Defendants state that they also provided Plaintiff with a letter explaining the parties' obligations to develop a proposed pretrial order (which is now due on October 12, 2018). Dkt. 231. Defendants state that they served Plaintiff with a second version of the Defendants' pretrial statement with spaces for Plaintiff to add proposed additions, suggestions, or objections. *Id.* Defendants state that Plaintiff did not respond. *Id.*

On September 13, 2018, Plaintiff filed this instant motion, moving to strike the Defendants' "12 requested inadmissible witnesses" (pursuant to Fed. R. Evid. 402 and 403) as irrelevant and unduly prejudicial. Dkt. 229. Plaintiff asserts that these witnesses didn't "have anything to do with this case." *Id.* Plaintiff also moves to strike Defendants' exhibit "Pierce County Detention and Correction Center November 15, 2015 Notice Regarding Revocation of Good Time Credit" and "Report of December 3, 2015 Due Process Hearing of Inmate Denton," as irrelevant and unduly prejudicial. *Id.*

**Standard on Motion**. Fed. Evid. R. 401 provides, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Fed. R. Evid. R. 402, "irrelevant

evidence is not admissible." Further, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. Rule 403.

**Decision on Motion**. Plaintiff's motion (Dkt. 229) should be denied without prejudice. At this stage, the Court cannot make a determination on which of these defense witnesses will be allowed to testify. Further, it is not yet clear whether the proffered exhibits are relevant or admissible.

**Further Issues**. Plaintiff is reminded that the parties' proposed pretrial order is due on October 12, 2018. As the party who initiated this lawsuit, Plaintiff is responsible to ensure compliance with all court ordered deadlines. Plaintiff's failure to comply with this deadline may result in sanctions, including dismissal of the case.

### ORDER

It is **ORDERED** that:

- Plaintiff's Motion to Strike Inadmissible Witness Requested by the Defendants in the Defendants['] Pretrial [sic] Statement Pursuant to LRC 16 (i) (Dkt. 229) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of October, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge