UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENTON,<br><br>               Plaintiff,<br><br>   v.<br><br>SHERIFF PASTOR, individually and in his official capacity, et. al.,<br><br>               Defendants. | CASE NO. 3:16-cv-05314-RJB<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW AND SECOND ORDER OF DISMISSAL |

THIS MATTER comes before the Court on the Ninth Circuit Court of Appeal's Mandate. Dkt. 267. The Court has reviewed the relevant pleadings, the record, and is fully advised.

**PROCEDURAL BACKGROUND**

On April 28, 2016, Plaintiff, acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983. Dkt. 1. In his Amended Complaint, Plaintiff alleges that while he was a pre-trial detainee in the Pierce County, Washington jail, Defendants Lieutenant Charla James Hutchinson and Sergeant Caruso violated his due process rights when they revoked his good time credits and Defendants Sheriff Pastor and Captain Spencer violated his first amendment rights when they created a policy which denied Plaintiff (and all prisoners in administrative segregation) receipt of incoming publications, including subscription magazines and books. Dkt. 25.

1     On January 5, 2018, the undersigned adopted a Magistrate Judge's Report and Recommendation (Dkt. 155), and dismissed all Plaintiff's claims except the claim that Defendants Lieutenant Charla James-Hutchinson and Sergeant Jackie Caruso violated his due process rights when they revoked his good time credits. Dkt. 166. That claim was scheduled to begin trial on October 29, 2018 and the pretrial conference was set for October 19, 2018. Dkt. 216.

    On October 19, 2018, this case was dismissed pursuant to Fed. R. Civ. P. 41(b) and Local Rule of the Western District of Washington 11(c) as a sanction for Plaintiff's failure to comply with the rules and orders of the Court, failure to cooperate with the Court and defense counsel to prepare for trial, and failure to attend the Pretrial Conference without good cause. Dkt. 248. On November 19, 2018, the Plaintiff filed a Notice of Appeal with the Ninth Circuit Court of Appeals. Dkt. 254.

    The Ninth Circuit vacated the dismissal and remanded the case. Dkt. 262. Its memorandum opinion, provided, in part:

> The district court dismissed Denton's action before developing a complete factual record on Denton's failure to appear at the pretrial conference and his alleged history of noncompliance with the court's orders. Moreover, in his opening brief, Denton explains that he could not attend the pretrial conference because prison officials told him that they could not open the cell door. We vacate the judgment and remand to the district court to consider Denton's explanation in the first instance, and to provide Denton with an opportunity to respond to defendants' contentions concerning other instances of noncompliance with the district court's orders.

Dkt. 262. The mandate was issued (Dkt. 267) and the case is now properly before this Court.

    The Court provided a procedure to be followed to give Mr. Denton the opportunity to respond to the history of noncompliance and misbehavior known to the Court, and to the circumstances of his absence from court on the day his case was dismissed, October 19, 2018. (*See* Order Regarding Status of Case and Setting Procedure for Reconsideration for Remand,

FINDINGS OF FACT AND CONCLUSIONS OF
LAW AND SECOND ORDER OF DISMISSAL- 2

Dkt. 268). Neither Mr. Denton nor his attorney nor defense counsel filed anything in response to the Court's invitation in Docket Number 268.

In these Findings, the Court will first set out the history of Plaintiff's noncompliance with court orders and misbehavior with corrections staff, that was known to the Court at the time the Order of Dismissal (Dkt. 248) was entered.

Second, the Court will set out the record of events in court and on the record. Those events provided the final information to the Court that culminated in the dismissal.

**FINDINGS OF FACT**

The Court hereby adopts the following as its Findings of Fact, all of which was known to the Court at the time the case was dismissed on October 19, 2018.

1. General Background of Noncompliance

At the time of dismissal, the Court was aware that the Plaintiff has a significant mental health history. For example, on May 26, 2016, Plaintiff filed a Motion to Extend Any and All Deadlines, Response Dates, to Respond to Any and All Deadlines. Dkt. 107. In this motion, Plaintiff explains that he had been transferred to Western State Hospital, one of Washington's inpatient psychiatric hospitals, for a competency evaluation, and did not have any of his legal documents. *Id.* In the interest of due process, the Plaintiff's motion was granted, and he was given additional time to file pleadings relating to pending motions and a Report and Recommendation. Dkt. 122.

Further, at the time of dismissal the Court was mindful of the Plaintiff's history of noncompliance and aberrant behavior. On May 30, 2018, the undersigned found that the "record in this case is replete with several instances of Plaintiff's violent and poor behavior, which includes assaults on jail and prison staff, threats against custodial staff and others, attempts at self-harm, and non-compliance with custodial staff directives." Dkt. 194 (*citing* Dkt. 140-1; see

also Dkt. 141-1). This Court noted that in February of 2018, the Washington Court of Appeals Division II affirmed Plaintiff's conviction, after a jury trial, of two counts of custodial assault and one count of felony harassment against jail staff. *State v. Denton*, 49115-0-II, 2018 WL 720387 (Wash. Ct. App. Feb. 6, 2018). Division II found the following facts:

> While incarcerated in the Pierce County Jail, on two separate occasions Denton threw liquid from his cell toilet on staff. On November 16, 2015, Denton threw an unknown liquid on Deputy Andy Powell as he arrived to deliver Denton a sack lunch. The liquid hit Powell's shirt, pants and left forearm. Powell testified that Denton, who remained locked in his cell throughout the incident, also verbally threatened to attack Powell. The State charged Denton with custodial assault against Powell and felony harassment.
>
> On November 18, 2015, Denton again threw liquid at Deputies Matt Watson and Mario Moreno. During meal time, Moreno approached Denton's cell and discovered that Denton blocked the "trap door" with his hand and arm. Moreno ordered Denton to remove his arm and radioed Watson for assistance. Watson arrived and also ordered Denton to remove his arm. Denton refused. Watson threatened to hit Denton's hand with his service flashlight if he did not. Watson attempted to clear Denton's arm from the trap door. Denton resisted, and Watson struck Denton's hand "medium" hard three times with his flashlight.
>
> Denton withdrew his arm, picked up his cup, and announced that he was going to throw feces on the deputies. Denton dipped his cup in the toilet and two times threw the contents at the inner door of his cell. Watson backed away and did not get hit. However, liquid from Denton's second attempt passed through a gap in the Plexiglas inner door and contacted Moreno's back, left arm, and parts of his hair.

The Court was aware of the Plaintiff's general mental health background, his history of noncompliance, and poor behavior, including the above Court of Appeals findings, at the time of dismissal on October 19, 2018.

### 2. Failure to Follow Court Orders

The record also contains several instances, of which the Court was cognizant of at the time of dismissal, of the Plaintiff's failure to follow Court orders.  For example, on February 7, 2018, U.S. Magistrate Judge J. Richard Creatura was appointed by the court to serve as a settlement judge.  Dkt. 176.  Contrary to Judge Creatura's explicit order (Dkt. 179), the Plaintiff filed his settlement conference memorandum (Dkt. 183) in the record.  Additionally, the Plaintiff

failed to comply with Western District of Washington's General Order 06-16, which requires all prisoner litigants incarcerated at Stafford Creek Corrections Center, Monroe Correctional Complex, and the Washington State Penitentiary, among others, to file documents electronically, on September 19, 2016, October 11, 2016, June 26, 2017, and October 5, 2017.

The Plaintiff failed to comply with the Court's scheduling orders by failing to make required pretrial disclosures, and by failing to file a proper Agreed Pretrial Order and proper jury instructions. On January 31, 2018, the Court issued a case scheduling order to ready the Plaintiff's due process claim for trial. Dkt. 174. In it, the Court ordered, in part, that the parties lodge an Agreed Pretrial Order with the Court by July 27, 2018. *Id.* At the Plaintiff's request, case deadlines were extended on July 10, 2018. Dkt. 216. Trial was reset to begin on October 29, 2018, and a Pretrial Conference was set for October 19, 2018. *Id.* As is relevant here, the Agreed Pretrial Order was due by October 12, 2018 and jury instructions were due by October 19, 2018. *Id.*

Under Local R. W.D. Wash. 16(e) and 16(m)(3), proposed pretrial orders are to contain the signatures of counsel, or if a party is *pro se*, then the *pro se* party's signature. In order to create an agreed pretrial order, the plaintiff's counsel or plaintiff, if they are *pro se*, is required to serve upon defense counsel, a proposed pretrial statement 30 days before the agreed pretrial order is due. Local Rule 16(h). (The proposed pretrial statement is to include, in part, Plaintiff's claims, relevant facts, issues of law, disclosure of witnesses, and an exhibit list. *Id.*) Twenty days before the agreed pretrial order is due, defense counsel is to serve the plaintiff's counsel or plaintiff, if they are *pro se*, with its proposed pretrial statement. Local Rule 16(k) requires the plaintiff's counsel or plaintiff, if they are *pro se*, to arrange for a conference of with defense counsel, in part, to "cooperate in developing a proposed pretrial order which can be signed by counsel" and *pro se* parties.

At the time of the dismissal, there was no evidence in the record that the Plaintiff exchanged a proposed pretrial statement with defense counsel in accord with Local Rule 16(h), arranged for, or meaningfully participated in, a Local Rule 16(k) conference, or signed and filed an Agreed Pretrial Order despite urging from defense counsel. Dkt. 235, at 1-2.

Local Rule 51(e) requires that, 21 days before jury instructions are due, the parties exchange proposed jury instructions and verdict forms and then "confer with the objective of filing with the court one set of agreed upon instructions [and] verdict forms."

At the time of the dismissal, there was no evidence in the record that the Plaintiff exchanged his proposed jury instructions with defense counsel or conferred with defense counsel in an attempt to agree on the jury instructions and verdict forms despite urging from defense counsel. Dkt. 235, at 2.

### 3. Failure to Cooperate

At the time of dismissal, the Court was also aware of the Defendants' allegations of the Plaintiff's failure to cooperate with defense counsel to prepare the case for trial. In fact, pending, but not ripe for decision, was Defendants' Motion to Dismiss Pursuant to FRCP 41 or, in the Alternative, Exclude Evidence Under FRCP 37(c)(1). Dkt. 234. The record indicates that defense counsel wrote the Plaintiff two letters, explaining the Plaintiff's obligations under the Local Rules to exchange proposed pretrial orders (with witness and exhibit lists) and proposed jury instructions and to confer about an agreed pretrial trial order and agreed jury instructions, if any. Dkt. 235. The record also indicated that defense counsel made several arrangements to speak to Plaintiff on the phone, who was then housed at the Washington State Penitentiary in Walla Walla, Washington. Dkt. 235 and 236. According to defense counsel, when he finally did get the Plaintiff on the phone, the Plaintiff asserted that he was exempt from the disclosure and

conference requirements, would not discuss the case, and terminated the call. Dkt. 235, at 2. The Court was aware of all of those documents and events at the time of dismissal.

    4.  Events in Court

In spite of the problems cited above, the Court arranged for the Pretrial Conference in accord with FRCP and Local Court Rules, hoping that we could plan a trial to resolve Mr. Denton's claims on the merits. Court staff arranged with the Washington State Department of Corrections' staff at the Washington Correction Center at Shelton, Washington, where Mr. Denton was incarcerated, to have Mr. Denton attend the Pretrial Conference by electronic means – a video conference. The conference was set for an 8:30 a.m. start on October 19, 2018. The Court was advised by staff that there was some problem with Mr. Denton's appearance. After waiting until 8:48 a.m., the Court was advised by staff that an issue remained. Court was then convened, and the record (Attachment 1) is a verbatim record of what occurred. Dkt. 261.[1] The Court found the statements of Chief Investigator Steve Demars and Supervisor Doug French made on the record (Dkt. 261) to be truthful.

Following the Court session, the Court prepared and entered the now vacated Order of Dismissal (Attachment 2). Dkt. 248. The findings contained in the vacated Order of Dismissal are adopted here.

---

[1] In Mr. Denton's Opening Appellant Brief (Ninth Circuit Case Number 18-36000, Dkt. 5 at page 8) he indicated that he did not refuse to attend the video Pretrial Conference and stated, "Plaintiff notified prison staff that he wanted to attend his video teleconference with the Judge Robert J. Bryan but jail staff said they are having problems with the controls and cannot get the door to open so plaintiff could not attend the Pretrial teleconference which Judge Robert J. Bryan improperly dismissed plaintiff['s] civil suit." [sic] Jail staff did not state to the Court anything about "problems with the controls" or that they "cannot get the door to open," nor has Mr. Denton provided any such testimony or information to the trial court.

FINDINGS OF FACT AND CONCLUSIONS OF
LAW AND SECOND ORDER OF DISMISSAL- 7

## CONCLUSIONS OF LAW

From the foregoing Findings of Fact, the Court now makes the following Conclusions of Law:  This case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Western District of Washington Local Civil Rule 11(c) as a sanction because Plaintiff has failed to comply with the rules of the Court, has failed to attend a critical Pretrial Conference without good cause, and has failed to follow court rules and orders of the Court in regard to trial preparation.  His actions have obstructed court proceedings.

## SECOND ORDER OF DISMISSAL

Based on the foregoing Findings of Fact and Conclusions of Law, this case is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of May, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge